JUDGE DUVALL
delivered the otinion of the court:
The appellant and four others, to-wit: Hunter, Despain, Skaggs, and Zelce, the latter being a slave, were jointly indicted by the grand jury of Taylor county for the murder of Henry Sympson. The indictment contains three paragraphs or counts, the first of which charges that the murder was committed by all five of the accused jointly; the second charges that Hunter committed the murder, and that the other defendants “ did, with malice aforethought, counsel, advise, and persuade the said Hunter to kill and murder” the deceased; and in the third paragraph or count, it is charged that the appellant committed the *15 murder, and that the other defendants in like manner counseled and advised the commission of the offense.
Separate trials were demanded by the accused, and allowed by the court. There was a mis-trial as to Hunter, in the Taylor circuit court, and thereupon the venue was changed, by consent, to the circuit court of Green county, and at the last August term the appellant was tried, found guilty by the verdict of the jury, and judgment of conviction was rendered by the court. To reverse that judgment he has prosecuted this appeal.
We shall deem it necessary to notice but few of the numerous objections to the proceedings in this case which are relied upon in this court as grounds of reversal.
The court below properly overruled the objections which, in various forms, were urged against the indictment, chiefly on the ground that it contained a misjoinder of offenses. It will be seen, however, that but one offense is really set forth in the indictment, although charged to have been committed in different modes by the different parties. , To make a man principal in a murder it is not necessary that he should inflict the mortal wound; it is sufficient if he be present, aiding and abetting the act, or if he advise and counsel the commission of it. (Wharton's Criminal Law, 431.) The particular specification of the agency which each of the several defendants is alleged to have had in the murder of the deceased, was unnecessary, but did not, on that account, vitiate the indictment. But one offense is charged, in substance, and all the defendants are alleged to have participated in the commission of it. The indictment must therefore be regarded as unobjectionable, especially in view of the provisions of the Criminal Code, sections 125-128.
The most important and material question in the case, is that which arises upon the following statement contained in the bill of exceptions: “ The counsel for the defendant offered to introduce as witnesses for the defendant, to prove an alibi, Lucy Ann Skaggs and Lucretia Hunter, the wives of Elias Skaggs and George W. Hunter, who were indicted jointly'with the defendant, but neither of whom were now upon trial; the commonwealth’s attorney objected to the said two witnesses, on the ground that they were incompetent witnesses, and the court *16 sustained said objection, and refused to permit the witnesses to be examined, to which opinion of the court the defendant’s counsel excepted.”
It has been decided by this court, that according to the common law rule of evidence, where several persons are jointly indicted, one is not a competent witness for the other, even where they are tried separately. (Adwell vs. Commonwealth, 17 Ben. Monroe, 318.)
This rule, it will be seen, is founded, not upon any interest which the party may be supposed to have, either in the record, or in the result of the prosecution, but upon the naked fact that he is a party to the record. And the court, in the cases cited, seemed disposed to adhere to the rule, chiefly for the reason that it had been too firmly established by authority, sustained, as it had been, by legislative recognition-, to be changed by judicial action.
It is furthermore true that the rule referred to has generally been held to apply to the case of husband and wife, neither of them being, in general, admissible as a witness in a cause, civil or criminal, in which the other is a party. “ Thfe principle of this rule,” says Greenleaf, “requires its application to all cases in which the interests of the other party are involved. She cannot, therefore, be a witness for a co-defendant, if her testimony, as in the case of a conspiracy, would tend directly to the acquittal of her husband; nor where, as in case of an assault, the interests of all the defendants are inseparable, nor in a suit in which the rights of the husband, though not a party, would be concluded by any verdict therein. Yet, where the grounds of defense are several and distinct, and in no manner dependent on each other, no reason is perceived why the wife of one defendant should not be admitted as a witness for another.”
(Greenleaf on Evidence, section 335.)
Wharton, in his treatise on American Criminal Law, p. 359, quotes the latter sentence from Greenleaf, and adds, that “where the acquittal of one defendant does not necessarily involve the acquittal of the other, the wife of one defendant, where the trials are separate, is a witness for the otherand to sustain this principle, the following cases are cited: State vs. Anthony, 1 *17 McCord, 286; Commonwealth vs. Mans on, 2 Ashmead, 31; Commonwealth vs. Easland, 1 Massachusetts Reports, 15. The last mentioned case was this: Easland and four others were indicted for an assault and battery, to which they all pleaded not guilty. The wife of one of the defendants was offered as a witness in behalf of the other four. The court ruled unanimously that she could not be examined. “To have had the benefit of her testimony, they should have moved to be tried separately from the husband; which the court would have granted,had this been assigned as the reason for the motion.”
From the foregoing authorities the principle to be extracted is, that the mere fact that the husband is a party to the record, does not of itself exclude the wife as a witness on behalf of other parties, but that the rule of exclusion is only to be applied to cases in which the interests of the husband are to be affected by the testimony of the wife. And it seems to us that the principle is not only sanctioned by reason, but by those very considerations of public policy upon which all the rules which render the wife incompetent are in part founded. As was said in the case of Adwell vs. Commonwealth, supra, “the tendency of modern adjudications, as well as modern legislation, has been to enlarge the sphere of competency, and to admit many objections that were at one time regarded as affecting the competency of witnesses, to go to their credibility alone.”
Applying these doctrines, sustained as they are by reason, by authority, and public policy, to the case before us, it is obvious that the court below erred, to the prejudice of the accused, in rejecting, as incompetent,, the two witnesses offered by him. The husbands of the witnesses were not upon trial; the grounds of defense were, in the very nature of the case, several and distinct, and in no manner dependent on each; the acquittal or conviction of the accused could, under no circumstances, so far as the facts in this record show, have operated either to the prejudice or advantage of the husbands, and therefore, in the language of the authority quoted, no reason is perceived why the wives of the two defendants should not have been admitted as witnesses for the party on trial. What effect their testimony may have had upon the result of the prosecu *18 tion= is a matter in regard to which we refrain from any conjecture or speculation.
According to the statement of the evidence contained in the bill of exceptions, improper and illegal testimony was permitted to go to the jury; but as it does not appear that exceptions were properly taken, no available error in this respect was committed by the court. No act or declaration of one of the defendants, made or committed subsequently to the commission of the offense charged, was competent evidence against the other defendants.
For the error mentioned the judgment must be reversed, and the cause remanded'for a new trial and further proceedings, in conformity with this opinion.