JUDGE PETERS
delivered the opinion op the court.
John Hill, N. B. Barnett, and appellant, with two others,, were jointly indicted for maliciously shooting and wounding Thomas Coulter. On the motion of Hill, Barnett, and appellant, they were allowed to sever their trials. On the plea of not guilty appellant was tried, convicted, and sentenced to one year’s confinement in the penitentiary; and, an appeal having been allowed him, he seeks to reverse that judgment.
On the trial the attorney for thé state offered to introduce Barnett, one of the defendants in the indictment, as a witness. The attorney for appellant objected to him as incompetent. Barnett was then informed by the court that he would not be compelled to testify, and after consulting with his counsel he announced his willingness to give evidence in the case. Thereupon the court permitted him to be sworn and to testify on behalf of the commonwealth, to which the defendant excepted; and that ruling of the court presents the first question for consideration.
We are not aware of any case in which this precise question has been decided by this court; but it has been decided, in two or more cases, that where several persons are jointly indicted one is not a competent witness for the others, even where they are tried separately. (Adwell v. Commonwealth, 17 B. Mon. 318; Thompson v. Commonwealth, 1 Met. 16.)
*144 This was the common law rule, and it is said in the last-named case that the rule was founded chiefly upon the general principle which, before the adoption of the Code of Practice, excluded as incompetent all the parties to the record, whether in civil or in criminal proceedings. But whatever may be the reason for the rule, by the settled doctrine of this court Barnett can not be a competent witness for appellant so long as. the indictment against him is undisposed of; and it is difficult to perceive the principle or the reason upon which he can be competent to testify in favor of the commonwealth and incompetent for the defendant.
On this subject Mr. Greenleaf says, in sec. 363, vol. 1: “In regard to defendants in criminal cases, if the state would call one of them against others in the same indictment, this can be done only by discharging him from the record, as by the entry of a nolle prosequi, or by an order for his dismissal and discharge where he has pleaded in abatement as to his own person and the plea is not answered, or by a verdict of acquittal where no evidence, or not sufficient evidence, has been adduced against him. In the former case, where there is no proof, he is entitled to the verdict, and it may also be rendered at the request of the other defendants, who may then call him as a witness for themselves, as in civil cases. In the latter, where:'there ■ is some evidence against him, but it is deemed insufficient, a separate verdict of acquittal may be entered at the instance of the prosecuting officer, who may then call him as a witness against the others. On the same principle, where two were indicted for an assault, and one submitted and was fined, and the other pleaded not guilty, the former was admitted as a competent witness for the latter, because, as to the witness, the matter was at an end. But the matter is not considered as at an end so as to render one defendant a competent witness .for another by any thing short of a final judgment or a plea of guilty. Therefore’ .where two were jointly indicted *145 for uttering a forged note, and the trial of one of them was postponed, it was held that he could not be called as a witness for the other. So where two, being jointly indicted for an assault, pleaded separately not guilty, and elected to be tried separately, it was held that the one tried first could not call the other as a witness for him.”
On this point there is some conflict , of authority, but it seems to us that the weight preponderates to the side of holding such witnesses incompetent, and the court below therefore erred in admitting Barnett to testify.
Numerous exceptions are taken to the instructions given for the prosecution, and in refusing a number which were asked by the defendant.
If the instructions had been objected to when offered by the attorney for the state, which was not done however, and were before us in a way that we could pass upon them, we could not condemn any of them except the fourth and last one given; and as the case must be reversed for the error in admitting Barnett to testify and must go back, it is proper to point out the objectionable parts in instruction four. In it the court assumes that the defendant shot and hilled Coulter, when there is no evidence that he was present or had any hand in killing him, or that he was in fact killed then. Defendant certainly was not indicted for that offense, and the instruction directs the attention of the jury to the intention with which the shooting was done, and makes their finding depend upon their belief of the intention with which it was done, when it was the province of the jury to determine whether he did the shooting, or confederated and combined with those who did it, and willingly participated in the unlawful act.
As to the numerous instructions asked for by the attorney for appellant and which the court refused, the objection to them is that they all assume as satisfactorily established that *146 Spoonamore was clothed with legal authority to compel appellant to go with him, and he had no right to question that authority; and in one of those instructions the court was asked to tell the jury that if the shooting was done under color of military authority they must find for appellant.
Before he started out on such an errand it was defendant’s duty to know that he- or those who commanded him to attend them had the legal right to do so, and he should have demanded his authority, and examined it to satisfy himself that he was under legal obligation to obey. If color of military authority is sufficient to excuse those who participate in shooting down citizens, what guaranties would there be left for life or safety?
But instruction twelve given by the court was as favorable to appellant as the evidence authorized. It required that appellant should not only be present at the shooting, but that he must have combined with those who did it, implying that his agency in the matter must have been or was voluntary.
But for the error indicated the judgment is reversed, and the cause is remanded for a new trial and for further proceedings consistent herewith.