## COMMONWEALTH *vs.* NATIONAL INSURANCE COMPANY.

A loss under a policy of marine insurance made to the insured by name "for whom it concerns, payable to them or order," is subject to set-off of sums due upon the insured's premium notes for other policies, although the policy is made for the benefit of, and assigned to, a mortgagee of the insured vessel, if the insurer has no notice of the assignment before the time when the claims are mutually due.

PETITION of Loyal S. Pond alleging that the National Insurance Company (an insolvent corporation against whom proceedings had been taken under Gen. Sts. c. 58, § 6) made a policy of insurance dated February 10, 1872, whereby they caused the Atlantic Mail Steamship Company, for whom it concerns, payable to them or order, to be insured $2500 on the steamer Missouri against the perils therein mentioned, for one year from February 5, 1872; that the ship was totally lost by the perils insured against; that the receivers of the insurance company appointed by this court had due notice of and allowed the loss, but claimed the right to set off against it the amount of certain premium notes given by the steamship company for other policies issued to them by the insurance company on other property; that at the time of making the policy the petitioner was the assignee of a mortgage on the vessel, made by the steamship company to secure their promissory note for $100,000, which note then, and at the time of filing the petition, was held by the petitioner; that it was provided in the mortgage that the mortgagor should keep the vessel insured for

the benefit of, and as additional security for, the mortgagee or his assigns ; that the petitioner, through his broker, applied for and procured the policy of insurance for his own benefit and security under the mortgage, and was the party intended to be benefited thereby; that the steamship company immediately ordered the policy to be paid to the petitioner ; that the mortgage note and debt was wholly unpaid, and that the steamship company was insolvent.

The petition prayed that the receivers of the insurance company might be instructed and directed to allow the petitioner the loss, without deduction on account of premium notes held for other policies ; and for other relief.

The policy, a copy of which was annexed to the petition, insured the " Atlantic Mail Steamship Co. for whom it concerns, payable to them or order," and was indorsed " Pay to the order of L. S. Pond, Esq. A. W. Dimock, Prest."

The answer admitted the allegations of the petition as to the making of the policy of insurance, the loss thereunder, the adjustment thereof by the receivers, and the claim to set off notes held by the company against the steamship company. It also admitted the allegations as to the mortgage upon the steamer, and its assignment to the petitioner; that it had never been paid; that the steamship company was insolvent; that that company, by indorsement on the policy, ordered any loss under it to be paid to the petitioner ; but alleged that this assignment was never assented to by the insurance company, and was not known to them or to the receivers until after the loss. It denied that the policy was applied for and procured by any one known to the insurance company as a broker of the petitioner; and alleged that it was applied for and taken out for and in behalf of the steamship company ; that the premium note was given by the steamship company, and that the assurers never knew or heard, until after the loss, of any mortgage upon the assured property or of any claim of the petitioner, and that the insurance company and the receivers were not notified of any claim of the petitioner to the policy by the written order thereon to pay the loss to the petitioner. And the company claimed the right to deduct

from the loss the amount of premium notes held against the steamship company, and to allow the balance only of the loss.

At the hearing had before *Wells,* J., the facts set forth in the answer were admitted to be true; and it was also admitted that the premium notes referred to were held by the National Insurance Company, and were due at and before the time of the loss for which the claim was made; that the policy was intended, when obtained, to insure the interest of the Atlantic Mail Steamship Company, and to be transferred to the petitioner as collateral security for his mortgage, in accordance with the stipulations in the mortgage. Thereupon the petition was dismissed; and the petitioner appealed.

*F. W. Hurd & E. P. Nettleton,* for the petitioner.

*J. G. Abbott,* for the respondent.

COLT, J. A policy of marine insurance was issued by the National Insurance Company to the Atlantic Mail Steamship Company by name, with the addition of the words "for whom it concerns, payable to them or order." There was a total loss, and the receivers of the insurance company claim the right to set off against their liability the amount due from the Atlantic Company at the time of the loss upon premium notes given upon other policies.

The petitioner, at the time the policy was issued, held a mortgage on the vessel therein insured, with a covenant that the company should keep it insured for the benefit of the mortgagee; but this was not known to the insurance company, nor were they notified that the petitioner had any interest in the policy until after the loss. It was intended by the parties claiming the benefit of this insurance that the policy when obtained should insure the interest of the company, and be transferred to the petitioner in accordance with the stipulations in the mortgage.

The petitioner contends that under these circumstances the legal effect of the words of the policy, and of the subsequent act of the Atlantic Company in ordering its payment to him, is to make him an original party to the contract of insurance and defeat the set-off claimed. But the fact that the policy was intended to be assigned to the mortgagee for his benefit, and was subsequently

so assigned by the order indorsed upon it, cannot have such effect. The defendants knew nothing of such intention or of the assignment until their right of set-off had been acquired. The policy is not a negotiable instrument, and the assignee must take it subject to all equities between the parties to it. *Pearson* v. *Lord*, 6 Mass. 81. *Finney* v. *Warren Insurance Co.* 1 Met. 16.

The rules of law applicable to policies made to a broker or agent named, " for whom it may concern," by which the person who has the insurable interest intended to be covered by the policy is held to be the real party to the contract, do not govern this case. When the policy is made in that form, it is enough for the plaintiff to establish the fact that he was the possessor of the whole insurable interest intended to be insured; and he is then subject to no set-off except of claims against himself. *Williams* v. *Ocean Insurance Co.* 2 Met. 303. *Somes* v. *Equitable Safety Insurance Co.* 12 Gray, 531. The difficulty here is that the petitioner's interest was not intended to be covered by the policy. The report finds that the policy was intended to cover the interest of the Atlantic Company and to be assigned for the security of the mortgagee. The policy as made was not intended directly to cover the mortgagee's interest, and could be availed of only by the indorsement of the company. By the terms of the mortgage the company were to insure the vessel for the benefit of the mortgagee, implying that the interest insured was the interest of the mortgagor only. If the petitioner's interest as mortgagee was only insured then upon payment of the mortgage there would have been no claim for loss, because the interest insured would have ended. The policy will not bear this construction.

*Decree affirmed.*