## Silas Wilcox *v.* Commonwealth.

**Criminal Law—Homicide.**

Where two persons are jointly indicted for murder, after one in a separate trial has been found guilty of manslaughter he is a competent witness for the commonwealth in the trial of the other, and this is true whether the witness has been sentenced or not.

**Accessories in Crime.**

There are but two classes of accessories in crime, before the fact and after the fact, but there is no such thing known to the law as an·accessory at the fact.

### APPEAL FROM CHRISTIAN CIRCUIT COURT.

June 26, 1879.

### Opinion by Judge Cofer:

The appellant and George Garrett and Albert Burnett were jointly indicted for the murder of Alfred Lacy. They demanded separate trials. Garrett was first tried and found guilty of manslaughter. The appellant was then put upon trial, and the commonwealth (sentence not having been pronounced) offered Garrett as a witness against him. Appellant's counsel objected to him as a witness on the ground that he was a co-defendant. The court overruled the objection, and whether that ruling was correct is the first inquiry.

At the common law no party to the record, in either civil or criminal proceedings, was a competent witness either for himself or for another party. And such continued to be the rule in this state in criminal causes until the adoption of the present Criminal Code. *Edgerton v. Commonwealth,* 7 Bush 142; *Thompson v. Commonwealth,* 1 Met. 13.

Secs. 2, 3 and 4, of the Code provides that, "If two or more persons be jointly indicted for the same offense each shall be a competent witness for the others, unless the indictment charge a conspiracy between them." Whether this is merely intended to change the rule when one co-defendant is called as a witness on behalf of another, and leaves it unchanged when the witness is called by the commonwealth, we need not now decide.

But the common-law rule which excluded parties to the record from the witness stand was based upon the ground that, being interested in the result of the trial, they could not be safely relied upon to testify truly, and it would seem that when a party has been tried, and

in consequence ceases to have any further interest in the matter, when whatever his testimony may be it cannot affect his own case, the rule of exclusion based upon his interest ought to cease. Where two persons were jointly indicted, and one had been convicted, the judgment of conviction not rendering him incompetent as a witness generally, it was held that he was a competent witness against the other defendant. I Greenleaf on Evidence, Sec. 363.

The uniform tendency of modern legislation and adjudication has been to enlarge the sphere of the competency of witnesses to let all testify who have intelligence enough to state such facts as they may know, or profess to know, and to leave the jury to give to the statement such weight as in view of all the circumstances they may think it entitled to.

Garrett had been found guilty. Neither the acquittal nor conviction of the appellant could affect his interest in any way, and there was therefore no reason why he should not be permitted to testify.

The indictment charges that the defendants did "feloniously and with malice aforethought kill and murder Alfred Lacy in the following manner; they pursued the said Alfred Lacy, Silas Wilcox caught him and held him, and at that time Albert Burnett knocked down the said Alfred Lacy with a piece of wood, and when the said Alfred Lacy had been thus knocked down the defendant, George Garrett, alias George Williams, stamped upon the body of said Alfred Lacy, and thereby killed him," etc.

The appellant moved to arrest the judgment. The motion was overruled, and counsel urged several objections to that ruling: 1. That it was impossible to ascertain from the indictment whether the appellant is proceeded against as principal or as accessory, or both; 2. That if the indictment is good as an indictment for murder, it charges the appellant, in the same count with murder and with being accessory to the murder, and that without setting out the principal in proper terms and with technical accuracy; 3. That the acts charged to have been done by the appellant do not constitute an offense, certainly not a felony to "catch and hold him", the deceased; 4. That there is an attempt to charge appellant in the same count as guilty of murder, and also as being present, aiding and assisting himself in the commission of the offense, which is a legal impossibility. 5. That there is no allegation that appellant did the killing, but on the contrary it is stated that Garrett killed the deceased, and

there is no charge that appellant had any knowledge of Garrett's murderous intention.

There is in the indictment an unnecessary detail in the statement of the acts done by each of the defendants. It would have been sufficient to charge that the defendants killed the deceased by knocking him down and stamping upon him with their feet, without stating the separate part performed by each.

If this had been done, then what each did might have been proved, and if the appellant caught and held the deceased while Burnett knocked him down, and while Garrett stamped upon him, for the purpose of aiding in inflicting injuries upon him, then the appellant is as much answerable for the blows as those who actually gave them. The indictment charged that all the defendants were present, and that they feloniously and with malice aforethought did kill and murder the deceased, and then proceeds to state how they did it, but instead of charging, as might well have been done, that all did each of the acts done by any one of them, charges what acts each did. This did not, however, alter the legal effect of the indictment. If they were all present, and all acted feloniously and with malice aforethought, then, though the separate acts of each are stated, the law makes the act of each the act of all, and the indictment is good against all.

The facts stated in the indictment do not show that the appellant was an accessory. There are but two classes of accessories, accessories before the fact and accessories after the fact. There is now no such thing known to the law as an accessory at the fact. All persons who are present at the commission of the fact and aid or abet its commission are principals, either in the first or second degree. Wharton on Homicide, Sec. 333.

It is objected to instruction No. 2, given to the jury, that the court told them that if Lacy came to his death in consequence of injuries inflicted upon him by Burnett and Garrett by striking him and stamping upon him "substantially as set forth in the indictment", and they further believed that Wilcox was present wilfully and feloniously aiding and assisting them "substantially as set forth in the indictment", they should find the appellant guilty—of murder if the aid and assistance was given willfully, deliberately and maliciously, and guilty of manslaughter if he acted upon sudden heat or passion.

The language objected to was at most mere surplusage. The court had enumerated the acts of the appellant as stated in the in-

dictment, and as the evidence conduced to prove, and having thus stated them to the jury, the use of the words "substantially as set forth in the indictment" cannot have either misled the jury or otherwise have prejudiced the rights of the appellant.

Nor can he have been prejudiced by the failure of the court to define the word "malice", first, because such attempts will generally, if not always, rather confuse than enlighten the jury; and, second, because not having been found guilty of an offense of which malice is an ingredient, he could not have been prejudiced by the omission, even if such a definition had been proper.

There was no error in refusing instruction No. 6, asked for by the appellant. Whether the defendants conspired to injure the deceased or not each one of them who willfully and feloniously aided or assisted in inflicting the injuries upon him, or who was present, aiding or assisting those who did inflict the injuries, is responsible for all that was then done, whether done by himself or by another.

Judgment *affirmed*.

*J. W. McPherson, for appellant.    Moss, for appellee.*