WILLIAM RITSON & another *vs.* ATLAS ASSURANCE
COMPANY, LTD.

Middlesex.     March 4, 1930. — June 30, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Insurance,* Fire: interest of owners in common under policy to one only;
Hearings by referees. *Reference and Referees. Evidence,* Extrinsic
affecting writing.

An action upon a policy against loss of a dwelling house by fire cannot
be maintained by two owners in common of the house where the
policy makes mention of only one of them, although it appears that
the insured in procuring the insurance was acting for his coöwner and
intended to insure the interests of both plaintiffs.

In the action above described, on an appeal from an order of an appel-
late division of a district court dismissing a report by the trial judge,
who found for the plaintiffs, the plaintiffs were given leave to amend
by striking out the name of the plaintiff not mentioned in the insurance
policy, and a new trial was ordered limited to the question of damages
only if such amendment were allowed within thirty days from the
rescript.

Although the evidence as to the intention of the insured, above de-
scribed, was admitted without objection, it did not have the effect
of varying the terms of the policy, the rule with respect to it being
one of substantive law. Following *Mears v. Smith,* 199 Mass. 319.

At the hearing of the action above described, it appeared that the policy
was in the Massachusetts standard form; that, after referees were
appointed thereunder, the referee selected by the defendant sent the
insured a notice merely stating that there would be a meeting "of
the three referees" at a certain day and hour "at the scene of the fire";
that the insured, who was conducting his regular business at a garage
on the premises, informed the referee selected by him of the meeting,
and that the referee attended; that, when the referees met, they
"held a general conversation" for about one half hour, at which the
plaintiff was not present and during which some questions were asked
of a witness notified by the defendant to attend and the referees
went into the house and that witness pointed out certain things in
regard to it; that one of the referees then went to the insured and
asked him if he had anything to say; that the insured replied that
he was in the hands of the referee whom he had selected; that the
premises were then examined by the referees and an award was made
by them of $1,100.28. The judge found that, while there was no
fraud in making the award, the actual damages were $2,100, and
found and ruled that the referees did not hold a hearing as required

by G. L. c. 175, § 101; and he set aside the award and found for the plaintiff in a sum based on such loss. *Held,* that

(1) While the referees were not required to act in a formal manner according to the procedure in a judicial inquiry, and were not bound by the strict rules of evidence, the duty was imposed on them by the statute of holding a hearing, and this implied that both parties should be present or have an opportunity to be present and offer their evidence;

(2) The ruling by the judge, that the referees did not hold a hearing as required by G. L. c. 175, § 101, was not error.

CONTRACT upon a policy of fire insurance in the Massachusetts standard form described in the opinion. Writ in the Fourth District Court of Eastern Middlesex dated November 22, 1927.

Material facts found by the judge of the District Court are stated in the opinion. His conclusion was as follows: "In consequence of the foregoing facts I set aside the award and find for the plaintiffs in the sum of $1,820.00, which is eighty-three and one third per cent of the amount of the loss, plus interest from March 24, 1927, to the date of the writ." Reports to the Appellate Division for the Northern District made at the request of both parties were ordered dismissed. Both parties appealed.

*P. B. Buzzell,* for the plaintiffs.

*H. W. Cole,* for the defendant.

CARROLL, J. The plaintiffs are the owners as tenants in common of a dwelling house which was damaged by fire. Their action of contract is to recover on a policy of fire insurance issued by the defendant in the name of William Ritson. The judge of the District Court found for the plaintiffs. In the Appellate Division the report was dismissed. The plaintiffs and the defendant appealed.

The defendant's appeal presents the question, Can Thomas W. Ritson join with his coöwner, William Ritson, in this action when the policy makes no mention of Thomas W. Ritson? The plaintiffs contend that as William was the agent of the undisclosed principal, Thomas, under the rule giving an undisclosed principal the right to sue on a written contract the action was properly brought in the names of both tenants in common.

Although a person has the right to determine with whom he will contract, *Boston Ice Co.* v. *Potter*, 123 Mass. 28, it is well settled that the contract of the agent is the contract of the principal; that the principal may sue on a written contract, though not named therein, if made by his agent, the contract not being under seal or a negotiable instrument, *Eastern Railroad* v. *Benedict*, 5 Gray, 561. It is also settled that parol evidence may be introduced to show that a written contract made in the name of the agent was in fact made on behalf of an undisclosed principal. *Byington* v. *Simpson*, 134 Mass. 169. *Huntington* v. *Knox*, 7 Cush. 371. *Eastern Railroad* v. *Benedict, supra.*

But this principle does not give both plaintiffs the right to recover in one action, on a policy issued in the name of one who was a part owner of the premises damaged and himself a principal so far as his interest was concerned. On this point the case cannot be distinguished from *Finney* v. *Bedford Commercial Ins. Co.* 8 Met. 348, where it appeared that John S. Bates was insured on the outfits of the barque "Volante." At the trial evidence was offered to show that the barque and her outfits were owned by the plaintiffs; that Bates applied for insurance in behalf of all the owners, Bates being the owner of an inconsiderable part only; that it was intended by all the parties in making "the policy as it was made, to cover the interest of all the owners, by the insurance." It was held that the parol evidence rule applied; that another and different contract could not be shown by such evidence. In the course of the opinion (page 351), quoting from Marshall, C.J., in *Graves* v. *Boston Marine Ins. Co.* 2 Cranch, 419, it was said: "A policy, though construed liberally, is still a special contract; and under no rule for proceedings on a special contract, could the interest of copartnership be given in evidence on an averment of individual interest, or the averment of the interest of a company be supported by a special contract relating in its terms to the interest of an individual." *Finney* v. *Warren Ins. Co.* 1 Met. 16. See *Getchell* v. *Aetna Ins. Co.* 14 Allen, 325, 328; *Commonwealth* v. *National Ins. Co.* 113 Mass. 514, 517; *Washburn-*

*Crosby Co.* v. *Home Ins. Co.* 199 Mass. 463. The parol evidence showing that William Ritson was acting for Thomas and intended to insure the interests of both plaintiffs was erroneously admitted. The record does not show any objection was made to its admission. But the introduction of this evidence does not take away the rights of the parties. The rule excluding parol evidence is one of substantive law. *Mears* v. *Smith,* 199 Mass. 319. The plaintiffs, therefore, cannot recover in this action, but William Ritson on a proper amendment can recover to the extent of his interest. *Finney* v. *Bedford Commercial Ins. Co.* 8 Met. 348, 352.

It was found that the referees appointed to determine the amount of loss did not hold a hearing as required by G. L. c. 175, § 101. That statute enacts that the referees, within ten days after the appointment of the third referee, shall meet to hear the evidence in the case, and if the case is not completed at the first hearing adjourned hearings may be held from time to time. It was found that a notice in writing was sent by the referee selected by the defendant to William Ritson stating, "There will be a meeting of the three referees in regard to above fire loss on Wednesday morning, April 27, at 9 o'clock at the scene of the fire." The referees met at the appointed time and place. William Ritson was conducting his regular business at a garage on the premises. Previous to this meeting he had selected one Hale as his referee. Ritson informed Hale of the meeting, which Hale attended. When the referees met, the judge found, they "held a general conversation" for about one half hour, at which the plaintiff was not present. During this time a witness, Johnson, notified by the defendant to attend, was asked concerning parts of the house and the referees "went into the house . . . and Johnson pointed out certain things in regard to it"; one of the referees then "went down to the plaintiff William Ritson and asked him if he had anything to say. Ritson replied that he was in Hale's [one of the referees] hands"; the premises were then examined by the referees and the plaintiffs were not present. An award of $1,100.28 was then made. The

judge found that, while there was no fraud in making the award, the actual damages were $2,100.

The referees were not required to act in a formal manner according to the procedure in a judicial inquiry, nor were they bound by the strict rules of evidence. But the duty was imposed on them by the statute of holding a hearing, and this implied that both parties should be present or have an opportunity to be present and offer their evidence. *National Fire Ins. Co.* v. *Goggin*, 267 Mass. 430. *Second Society of Universalists in Boston* v. *Royal Ins. Co.* 221 Mass. 518, 521. William Ritson was notified of the meeting of "the three referees," but he was not informed there was to be a hearing where evidence could be presented, and he may have inferred that the meeting of the referees was in fact a meeting preliminary to the hearing. Apparently he thought he was not expected to be present, and made no preparation for the presentation of his case. After some evidence had been heard in his absence he was asked by one of the arbitrators "if he had anything to say," to which he replied that he was in Hale's hands. When this inquiry was made, some evidence had already been heard, and Ritson was merely asked if he had anything to say. He was not asked to make known his evidence, nor was such an opportunity given him at any time prior to the hearing. It was not essential that the parties should be actually present at the hearing or in fact offer any evidence, but they must be given an opportunity to attend and introduce their evidence. In our opinion the trial judge was not in error in ruling as he did on this branch of the case.

The plaintiffs contended there was error in excluding an offer of proof, and in refusing to give the request "that the award in this case was so grossly and manifestly inadequate as in itself alone to justify a finding of bias or prejudice on the part of one or more of the referees." The judge found as a fact that the loss was $2,100, and set aside the award. It is unnecessary to consider the question whether the ruling of law should be made as requested. *Second Society of Universalists in Boston* v. *Royal Ins. Co.* 221 Mass. 518, 523. The plaintiffs in view of the finding

were not harmed by the refusal to give the ruling. As the question of the offer of proof may not arise in the present form at the new trial we do not consider it.

The plaintiff William Ritson is given leave to amend by striking out the name of Thomas W. Ritson. If this is done within thirty days from the date of rescript, the order dismissing the report is to be reversed and a new trial ordered limited to the question of damages. If the amendment is not made, the order dismissing the report is to be reversed and judgment entered for the defendant.

*So ordered.*