124 So.2d 892 (1960)
Hervey S. ROSS, Appellant,
v.
FLORIDA SUN LIFE INSURANCE COMPANY, a Florida corporation, Appellee.
No. 1778.
District Court of Appeal of Florida. Second District.
December 2, 1960.
*893 Jose A. Gonzalez, Jr., Watson, Hubert & Sousley, Fort Lauderdale, for appellant.
Ted P. Galatis, Fort Lauderdale, for appellee.
ALLEN, Chief Judge.
The appellant, as plaintiff in the lower court, filed an action for damages arising out of an alleged breach of an option to purchase two thousand shares of stock of appellee-defendant corporation. The defendant answered denying the contract and alleged that the option was conditioned upon the plaintiff selling $500,000 insurance for the defendant and remaining in defendant's employ until a certain date, neither of which were performed by the plaintiff. The cause was tried before the court without a jury, after which judgment was entered for the defendant.
The plaintiff, Hervey S. Ross, was employed by the defendant, Florida Sun Life Insurance Company, in February, 1955, at which time the company was in the process of organizing. Ross began selling insurance for the defendant sometime during the latter part of February in 1955. He contends that he had been extended an oral option by the president of the company, Mr. Dean, which gave him the right to purchase 2,000 shares of original stock at $3.00 per share. On May 5, 1955, Ross went to Mr. Dean's office and requested that he be given an option in writing. Ross discussed his request with John D. Steele, who was then serving as attorney for the company and maintained an office in the company's headquarters.
Ross gave Steele a copy of the option that he desired to have signed by the president, Mr. Dean. The plaintiff also gave Steele a check for $100.00 as a down payment on the stock. Upon receiving this request, Steele immediately asked Dean whether or not it was proper to execute the agreement and accept the check. Dean told Steele that it was all right to execute the option and accept the check and Steele then executed the following option and gave it to Ross:
"Received of Hervey S. Ross $100 by check on the Broward National Bank. Said $100 being a deposit on 2000 shares of stock in the Florida Sun Life Insurance Company. Prepared price at $3.00 per share in agreement with Mr. Dean and the board of directors *894 of the Florida Sun Life Insurance Company, made February 15, 1955. Balance to be paid by December 31, 1955 at option of purchaser.
 "Dated this May 5, day of 1955.
 "James C. Dean, Pres.
 "John D. Steele, as Trustee
 "s/ John D. Steele, as
 Trustee."
The check was duly deposited and paid to the company.
In September, 1955, Ross went to Dean and advised him that he wished to exercise his option to purchase the stock. Dean refused to honor the option. Ross then made a valid tender of the entire amount necessary to purchase the stock and Dean again refused unless Ross would agree to remain in the company's employment until December 31, 1955, and have sold $500,000 worth of insurance by that time. Ross refused to accept these conditions. On December 23, 1955, the company refunded by check the $100.00 deposit which Ross had made previously. Thereafter the suit was instituted on March 19, 1958.
The appellant contends that the option contains and constitutes the entire agreement between himself and the appellee. The appellee contends that the agreement was always subject to the conditions that (1) appellant remain in the employment of the company until December 31, 1955, which appellant failed to do, and; (2) that plaintiff sell $500,000 worth of life insurance, which appellant did not do. The appellee contends that these conditions were made known to appellant at a meeting of the Board of Directors which appellant attended on March 12, 1955, at which time the original oral agreement was entered into by the parties. The testimony conflicts throughout. The appellant contends and testified that there was no mention of the terms and conditions of the option at this Board meeting. As to the alleged conditions, it was stipulated that the appellant did not sell $500,000 worth of insurance and that he terminated his affiliation with the appellee company on June 15, 1955.
Steele testified that he obtained Dean's consent before signing the agreement with the appellant. Dean testified that he told Steele to give appellant a receipt for the deposit but that he, Dean, did not understand that the attorney was executing anything more than a receipt. Steele's signature as trustee was explained by stating that he was acting as trustee for the sale of the stock and was depositing the proceeds of the stock sales in a special trust account.
In the final order the court found:
"1. That the alleged option agreement between the plaintiff and the defendant is nothing more than a receipt, and does not constitute a complete and full agreement between the parties."
The appellant contends that the instrument constituted a contract rather than a receipt and therefore it was error to permit the introduction of oral evidence in regard to the alleged oral conditions.
As stated previously, this cause was an action at law and tried below without a jury. In this type case the lower court's findings are entitled to the weight of a jury verdict before the reviewing court, and these findings will not be disturbed unless it is shown that there is a total lack of substantial evidence to support the trial judge's conclusion. Calhoun v. Corbisello, Fla. 1958, 100 So.2d 171; First Atlantic National Bank of Daytona Beach v. Cobbett, Fla. 1955, 82 So.2d 870. The only evidence in the record in favor of appellant is the memorandum itself. The remaining testimony supports the contentions of the appellee that the option was subject to the conditions precedent that appellant was to sell $500,000 in life insurance; and that appellant was to remain employed with appellee until December 31, 1955. It is admitted by both parties that neither of these conditions was fulfilled. As we read the record and apply the above rule we cannot *895 conclude that there was a total lack of competent and substantial testimony to support the judgment of the trial court.
The appellant contends that if this court finds the instrument to be a contract and not a receipt, that the cause would have to be reversed on the ground that the parol evidence rule should have been applied so as to exclude the oral testimony concerning the instrument. The reason for this contention being that the general rule excluding parol evidence which is sought to be introduced to vary the terms of a written contract does not apply to a receipt. See Schmitt v. Bethea, 78 Fla. 304, 82 So. 817. This distinction is illustrated in IX Wigmore, Evidence, 3rd ed., § 2432 as follows:
"Receipts and Releases; Bills of Lading. A receipt  i.e. a written acknowledgment, handed by one party to the other, of the manual custody of money or other personalty  will in general fall without the line of the rule; i.e. it is not intended to be an exclusive memorial, and the facts may be shown irrespective of the terms of the receipt. This is because usually a receipt is merely a written admission of a transaction independently existing, and like other admissions, is not conclusive (ante, § 1058).
"But where the writing is itself the very act, as where it grants a discharge or release of a claim, or embodies a new obligation, it obviously falls within the rule, and its terms cannot be overthrown."
Assuming that this court would see fit to consider the instrument a contract then the issue is whether the issue of admitting evidence of the alleged prior oral agreement has been properly preserved for appellate review. The appellant did not object to the oral testimony which the appellee introduced concerning the oral agreement during the trial. The appellant contends that since the parol evidence rule is a rule of substantive law in Florida (Paradise Beach Homes, Inc. v. South Atlantic Lumber Co., Inc., Fla.App. 1960, 118 So.2d 825) there can therefore be no waiver of substantive rights by a failure to object to the testimony during the trial, and that it is therefore proper to raise the issue for the first time on appeal.
Our research has disclosed only one case in Florida that touches directly upon this novel contention and that is Frank v. Pioneer Metals, Inc., Fla.App. 1960, 121 So.2d 685, 688, which involved an action of distress for rent and a counterclaim by the tenant for money damages and/or the cancellation of the lease. The circuit court transferred the cause to the equity after which the chancellor decreed that the lease be cancelled and the plaintiff appealed. One of the contentions on appeal was that the chancellor erred in permitting parol testimony to vary the terms of the written lease and to establish an implied warranty as to the suitability of the premises for manufacturing purposes. In affirming the chancellor, the court stated in regard to this contention:
"As to the appellant's last contention, we have reviewed the entire record and fail to find where the appellant objected to the admissibility of any evidence or testimony upon the ground now urged. Having failed to object to the admission of parol testimony at the trial, the appellant can hardly be heard now to complain of the chancellor's actions in which she at least tacitly acquiesced." (Emphasis added.)
The above quoted statement correctly and soundly states what we feel is the applicable view on this issue. It is noted, however, that in 4 C.J.S. Appeal and Error § 290, at page 870, the text writer states:
"The rule that objections cannot first be urged in the appellate court to the improper admission of evidence is applicable to the admission of parol evidence, except where the parol evidence rule is regarded as a rule of substantive or as a rule of positive law rather than merely a rule of evidence."
*896 Cases arising in twenty-two different states are cited in support of the rule that the appellate court will not consider as grounds for appeal the admission of such evidence unless the same has been objected to in the lower court. The following decisions from Massachusetts, Oklahoma, Vermont and Kentucky are cited in support of the rule that the appellate court will consider the grounds for appeal even though there has been no valid objection in the lower court. The case of Ritson v. Atlas Assur. Co., 272 Mass. 73, 171 N.E. 448, 450, permitted the issue to be raised for the first time on appeal on the sole basis that "* * * The rule excluding parol evidence is one of substantive law." The case of Seal Oil Co. v. Roberson, 175 Okla. 140, 51 P.2d 801, achieved the same result but was based on an interpretation of an Oklahoma statute, 15 O.S.A. § 137. The issue was decided in Colodny v. American Clothing Co. 107 Vt. 321, 178 A. 714, 716, by stating:
"The plaintiff points out in his brief that the defendant made no objection at the trial to the admission of parol evidence upon the ground that the lease was a sealed instrument. This was unnecessary. The evidence was immaterial and incompetent, as the lease could not be modified by parol."
The fourth case cited is a similar ruling in Humphries v. Haydon, 297 Ky. 219, 179 S.W.2d 895.
A clear and well written discussion of this question is found in Higgs v. DeMaziroff, 263 N.Y. 473, 189 N.E. 555, 556, 92 A.L.R. 807, wherein the Court stated:
"Since the amount, time, and manner of payment is dealt with by the writing, the intent of the parties to embody therein all that element of the oral negotiation would ordinarily be conclusively presumed. Cf. Wigmore on Evidence (2d Ed.) § 2430. Therefore it is argued that the oral testimony, though admitted without objection, has no legal effect, since the parol evidence rule is one of substantive law. For that view there is good authority in other jurisdictions. See, for instance, Mears v. Smith, 199 Mass. 319, 85 N.E. 165; O'Malley v. Grady, 222 Mass. 202, 109 N.E. 829. In this state, notwithstanding the general language of the concluding paragraph of the opinion in Wallach v. Riverside Bank [206 N.Y. 434, 100 N.E. 50], supra, the rule is otherwise.
"This court, in many cases, has held, impliedly and expressly, that the parol evidence rule is one of substantive law. See, inter alia, Wilson v. Deen, 74 N.Y. 531; Eighmie v. Taylor, 98 N.Y. 288; Lese v. Lamprecht, 196 N.Y. 32, 89 N.E. 365; Ruppert v. Singhi, 243 N.Y. 156, 153 N.E. 33; Mitchill v. Lath, 247 N.Y. 377, 379, 160 N.E. 646, 68 A.L.R. 239. In the case last cited the rule was said to be `a rule of law which defines the limits of the contract to be construed. * * * It is more than a rule of evidence and oral testimony even if admitted will not control the written contract, * * * unless admitted without objection. (Brady v. Nally, 151 N.Y. 258 [45 N.E. 547].)' * * * We think the phase of the parol evidence rule here in question may therefore be stated to be that in some form the attention of the trial judge must be directed to the fact that the writings integrate the contract and must be resorted to exclusively as proof thereof, otherwise error may not be asserted in this court. * * *"
At page 810 of 92 A.L.R. there is an annotation entitled: "Legal effect of parol evidence inadmissible under parol evidence rule but admitted without objection." The annotator points out that the question of the effect of failure to object to the admission of parol evidence cannot be answered merely by a reference to one or the other of the two views regarding the nature of the parol evidence rule. After noting that there is conflict on the question, sometimes even among decisions from the same state, the writer of the text states:

*897 "* * * It is a general rule that an appellate court will consider only such questions as were raised in the lower court; and this rule applies to an objection that evidence was erroneously admitted, so that an objection to the admission of evidence generally cannot be raised for the first time on appeal. It is not surprising to find this rule applied or recognized in many cases involving parol or extrinsic evidence admitted in the trial court without objection, no point usually being made as to whether the parol evidence rule is one of evidence merely or of substantive law. * * *"
Cases from some twenty states and Canada and France are cited in support of the above statement.
In McCormick on Evidence, § 213, The Substantive Aspect of the Parol Evidence Rule, the author points out in a footnote to § 213 that:
"* * * A few courts seem to permit the parol evidence rule to be invoked for the first time on appeal. See Ritson v. Atlas Assur. Co., 272 Mass. 73, 171 N.E. 448, syl. 6 (1930); South Texas Implement & Machine Co. v. Anahuac Canal Co., 280 S.W. 521, syl. 5 (Tex.Comm.App. 1926). But the preponderant, and it is believed the fairer, view is that the party must have raised the question in some fashion at the trial as by motion for judgment on this ground or by request for instructions, as a condition to his raising it on appeal. Cohn v. Chapman, 150 Ark. 258, 234 S.W. 42, syl. 3 (1921); Higgs v. DeMaziroff, supra; Note, 92 A.L.R. 810, 811, and see 3 Am.Jur., Appeal and Error, sec. 253." (Emphasis added.)
In Slovak Catholic Sokol v. Foti, 13 N.J. Super. 458, 80 A.2d 636, 637, the court answered the contention that the issue could be raised for the first time on appeal in the following manner:
"* * * We cannot consider that argument because it nowhere appears in the settled case that any objection to the admissibility either of the testimony of plaintiff's witness on cross-examination or of defendant's testimony was made below. It should be unnecessary so often to repeat that under our new Rules, unless jurisdiction or public policy is involved, the principle persists that in a civil case a party shall not be heard in an appellate court upon a point not raised or considered in the court below. So, in the absence of timely and proper objection at the trial to the admissibility of the challenged evidence, there is no legal error before us on which to ground an appeal however we may view the competency of that testimony. * * *"
It was similarly held in Gordon v. Commercial Auto Loan Corp., 85 Ga. App. 808, 70 S.E.2d 406, that where a party who is entitled to the benefit of the rule prohibiting the admission of parol evidence to vary or contradict a writing waives the benefit thereof by allowing such evidence to be received without objection and without any effort to have it stricken and disregarded by the trial judge or the jury, he cannot, after the trial has terminated and the case has been decided against him, invoke the parol evidence rule in order to obtain a reversal of such verdict and judgment in the appellate court.
The California Second District Court of Appeal in Mangini v. Wolfschmidt, Limited, 1958, 165 Cal. App.2d 192, 331 P.2d 728, observed that notwithstanding the fact that the parol evidence rule is a rule of substantive law in California, the admission of parol evidence to vary or add to a written instrument cannot be objected to for the first time in the appellate court See also Hofmeister v. Delta Verde Farms, 1959, 171 Cal. App.2d 747, 341 P.2d 326; Kimbrough v. Gross, Mo. App. 1954, 268 S.W.2d 56; and Southern Scrap Material Co. v. Commercial *898 Scrap Mat. Corp., 239 La. 958, 120 So.2d 491.
The declared policy of the appellate courts of this state has long been established to the effect that the parties will be confined on appeal to the points raised and determined in the trial court and to not permit the presentation of points, grounds, or objections for the first time in the appellate court if they could have been obviated if attention had been called to them. Ewing v. Dupee, Fla.App. 1958, 104 So.2d 672; 2 Fla.Jur.Appeals, § 290. A well recognized exception to this rule, equally well established, is that the appellate court or the parties may raise a question relating to jurisdiction and questions of important public interest. Ewing v. Dupee, supra, and cases cited therein. A similar exception exists in criminal appeals where the issue "reaches down into the legality of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the error alleged." Hamilton v. State, Fla. 1956, 88 So.2d 606, 607.
We do not, however, view the failure to object to parol evidence as falling into the above exceptions. We conclude that the appellant, by failing to make timely objection in the lower court, has waived his right to raise this objection on appeal. This view is in accord with the weight of authorities such as discussed herein, and accords with the better reasoned cases that have fully discussed this question.
For the reasons assigned, the judgment of the lower court is affirmed.
SHANNON, J., and PATTEN, GEORGE L., Associate Judge, concur.