P. JACKSON HIGGS, Appellant, *v.* GEORGE DE MAZIROFF, Respondent.

474

(Argued December 6, 1933; decided February 27, 1934.)

*Milton Gladstone* and *Charles E. McMahon* for appellant. The written agreement pursuant to which the moneys were advanced and the notes delivered contains no such condition as defendant alleges and its construction presents only a question of law. (*Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310; *Elwood* v. *Goldman*, 217 N. Y. 585; *Dudley* v. *Perkins*, 235 N. Y. 448; *Hartigan* v. *Casualty Co.*, 227 N. Y. 175; *Brainard* v. *N. Y. C. R. R. Co.*, 242 N. Y. 125; *Weinberg & Holman, Inc.*, v. *Providence Washington Ins. Co.*, 254 N. Y. 387.) No oral agreement for the conditional delivery of the notes was pleaded or proved by defendant. (*Banque Franco-Americaine* v. *Bergstrom*, 171 App. Div. 870; 225 N. Y. 710; *Thomas* v. *Scutt*, 127 N. Y. 133; *Stowell* v. *Greenwich Ins. Co.*, 163 N. Y. 298; *Dady* v. *O'Rourke*, 172 N. Y. 447; *Murdock* v. *Gould*, 193 N. Y. 369; *Heller* v. *Pope*, 250 N. Y. 132; *Lese* v. *Lamprecht*, 196 N. Y. 32; *Wallach* v. *Riverside Bank*, 206 N. Y. 434; *Stanton* v. *Granger*, 125 App. Div. 174; *Guinzburg* v. *Blustein*, 121 Misc. Rep. 784; *Wilson* v. *Deen*, 74 N. Y. 531; *Pease Piano Co.* v. *Fiske*, 145 N. Y. Supp. 978;

*Piretti* v. *Firestone Tire Co.*, 120 N. Y. Supp. 782; *Morowski* v. *Rohrig*, 3 Misc. Rep. 634; *Pitcairn* v. *Hiss*, 125 Fed. Rep. 110.)

*Francis G. Hoyt* and *John H. Jackson* for respondent. The trial court properly submitted to the jury the question of fact as to whether or not the notes were subject to a condition precedent which had not been fulfilled. (*Banque Franco-Americaine* v. *Bergstrom*, 171 App. Div. 870; 225 N. Y. 710; *Brady* v. *Nally*, 151 N. Y. 258; *Mitchill* v. *Lath*, 247 N. Y. 377; *Dubuc* v. *Lazell*, 182 N. Y. 482.) The evidence established a delivery subject to a condition precedent which has not been fulfilled. (*Blewitt* v. *Boorum*, 142 N. Y. 357.)

CROUCH, J. We are here concerned with a narrow phase of the parol evidence rule.

The defendant, who was the owner of certain valuable paintings, sought a loan of $25,000 from the plaintiff. who conducted an art gallery. On June 18, 1929, an agreement between the parties with respect to the transaction was entered into by means of a letter written by the plaintiff and accepted in writing by the defendant. That portion of the written agreement material here reads as follows: " In order to enable you to finance your plans, I agree to lend you for six months the sum of $5,000 cash and to give you a six months' note for $5,000 and one for $15,000 for nine months, in consideration of which you agree to deposit with me your paintings on the enclosed list, numbered 1 to 12, at your risk.

" You also agree to exchange similar notes with me for the same amounts and periods, which I agree to destroy if my notes given you are not discounted or if I do not have to meet them myself.

" It is understood that I am to sell any of these paintings at the basic prices on the corrected list and that any amount over these prices is to be equally divided between us. The first $5,000 cash which I am lending you is to be repaid before you receive any monies. After

this has been done, you are to receive the basic price, and any profit is to be retained by me to offset the balance of the notes."

Three promissory notes, all dated June 18, 1929, were made by the defendant and delivered to the plaintiff, two for $5,000 each payable in six months, and one for $15,000 payable in nine months. The plaintiff on his part gave the defendant $5,000 in cash and promissory notes aggregating $20,000 which were discounted by the defendant who received the money thereon to his own use, and were later paid by the plaintiff at maturity. The paintings were delivered to the plaintiff but have never been sold. Three thousand dollars was subsequently paid to plaintiff.

The action here is upon the three notes given by defendant to plaintiff. As an affirmative defense it was alleged that the notes were delivered subject to a condition that they were not to be paid by the defendant or enforced until the paintings were sold, and then only out of the proceeds of the sale, $5,000 out of the first money so received, and $20,000 out of the defendant's share of the surplus over the agreed basic price of the pictures. Upon the trial defendant testified without objection or motion to strike out, that plaintiff told him immediately before the contract and notes were signed, that the notes would be held in his safe and not enforced until the paintings were sold.

On the one hand it is said that plaintiff in failing to object to the oral testimony and in failing to move to strike it out, consented that the proof was effective to modify and amplify the written agreement of June 18, 1929. The case chiefly relied upon for that contention is *Brady* v. *Nally* (151 N. Y. 258). On the other hand, under the asserted authority of *Wallach* v. *Riverside Bank* (206 N. Y. 434), it is said that the testimony, although admitted without objection and not denied, is wholly immaterial as matter of substantive law and cannot affect the written contract.

Since the amount, time and manner of payment is dealt with by the writing, the intent of the parties to embody therein all that element of the oral negotiation would ordinarily be conclusively presumed. (Cf. 5 Wigmore on Evidence [2d ed.], § 2430.) Therefore, it is argued that the oral testimony, though admitted without objection, has no legal effect, since the parol evidence rule is one of substantive law. For that view there is good authority in other jurisdictions. (See, for instance, *Mears* v. *Smith*, 199 Mass. 319; *O'Malley* v. *Grady*, 222 Mass. 202.) In this State, notwithstanding the general language of the concluding paragraph of the opinion in *Wallach* v. *Riverside Bank* (*supra*), the rule is otherwise.

This court, in many cases, has held, impliedly and expressly, that the parol evidence rule is one of substantive law. (See, *inter alia*, *Wilson* v. *Deen*, 74 N. Y. 531; *Eighmie* v. *Taylor*, 98 N. Y. 288; *Lese* v. *Lamprecht*, 196 N. Y. 32; *Ruppert* v. *Singhi*, 243 N. Y. 156; *Mitchill* v. *Lath*, 247 N. Y. 377.) In the case last cited the rule was said to be " a rule of law which defines the limits of the contract to be construed. * * * It is more than a rule of evidence and oral testimony even if admitted will not control the written contract, * * * unless admitted without objection. (*Brady* v. *Nally*, 151 N. Y. 258.) " We are thus brought to consider the true holding in *Brady* v. *Nally*. That the question was there discussed as though it was evidentiary only is without significance. The written contract provided for payment upon completion of the work. Evidence was admitted without objection and without a motion to strike out to show an oral agreement for payment on other terms. It was contended that the parol evidence, although received by consent, could not overcome the presumption that the written agreement embraced the entire contract. That contention was rejected. The court said that the parties " have the right to make a rule of evidence for their own case, and they are presumed to have done so

when testimony, otherwise incompetent, is received without objection and without any effort to have it stricken from the minutes, *or disregarded by the trial court*" (p. 264). The court searched the record but failed to find any effort by motion or request to have the testimony disregarded. The plaintiff by that course was conclusively presumed to have waived the benefit of the parol evidence rule. Judge Vann, who wrote for the court in *Brady* v. *Nally*, later said while dealing with the same question in *Loomis* v. *N. Y. C. & H. R. R. R. Co.* (203 N. Y. 359, 367): " No effect can be given to such evidence, even when received without objection, provided the court is asked in due form to instruct the jury that it was merged in the written agreement if they found there was one." We think the phase of the parol evidence rule here in question may, therefore, be stated to be that in some form the attention of the trial judge must be directed to the fact that the writings integrate the contract and must be resorted to exclusively as proof thereof, otherwise error may not be asserted in this court. It is quite unlikely that the same learned judge who wrote in the two cases referred to should have intended to disturb the established rule by what was said without discussion in the *Wallach* case. There, as an examination of the record shows, the oral testimony offered by the defendant to show the prior conversation was excluded under objection as immaterial. The exception to that ruling was the point chiefly argued.

While we reject the appellant's contention that the written contract, complete on its face and altogether inconsistent with the prior conversations excludes the latter as matter of law, whatever the evidence, objections or rulings may have been, we, nevertheless, find that the attention of the trial judge was directed to the claim that the contract was integrated and furnished the exclusive proof thereof. At the close of the defendant's case, plaintiff moved to dismiss the defense that the notes were not to be paid until the paintings were sold, upon the ground that there was no proof whatsoever to sustain it.

The motion was denied. Plaintiff then stated that in view of the fact that all the written correspondence was before the court, he would rest. The motion was then renewed and denied with an exception. At the close of the main charge plaintiff requested the court to charge, " that the agreement of June 18th, pursuant to which the notes were exchanged, does not contain any condition such as claimed by the defendant." The request was denied and an exception taken. The rulings were erroneous. The contract was as matter of law integrated by the writings. The defense should have been dismissed.

The judgment should be reversed and judgment directed for the plaintiff for the amount demanded in the complaint, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not voting.

Judgment accordingly.