Juan Clabaguera et ux., Plaintiffs and Appellants, *v.* Ernesto Espéndez Mandés, Defendant and Appellee.

No. 8557.   Argued January 26, 1943.—Decided March 31, 1943.

*Angel R. Díaz* for appellants.   *Ulpiano Crespo, Jr.,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

In the year 1939 Juan Clabaguera and his wife Pilar Defilló acquired by purchase from August F. Kopf an urban property located at Housing Development "Las Palmas," at Santurce, consisting of a house on a 325 sq. meters lot. This property originally belonged to Rufus Rolla Lutz who in the

year 1928 sold it to Ernesto Espéndez subject to a $3,500 mortgage executed in favor of the said Kopf. In the year 1935 Kopf foreclosed said mortgage and after the property was acquired by him, he sold it in 1939, as has been said before, to the spouses Clabaguera-Defilló.

The plaintiff, claiming that Ernesto Espéndez is holding a strip of land 3 meters long and 16 meters wide which, accordig to them, is a part of the main property acquired by them, filed this action in the Municipal Court of San Juan for the revendication of said strip of land. The defendant Espéndez contends that the 48 square meters, although adjacent to the main property, constitute a different property acquired by him from the same Rufus Rolla Lutz on November 1928 for $100, such sale having been ratified by public instrument in the year 1933, that is, 2 years before Kopf executed the mortgage on the main property, and that therefore when he sold to the plaintiff, the strip of land was not included as a part of said property. The municipal court gave judgment for the plaintiff and the case was appealed to the San Juan District Court where a trial *de novo* was held. That court dismissed the complaint with costs. The plaintiffs apealed to this court and charged the court below with the commission of eleven errors.

The first three errors deal with the admission in evidence of a sketch of the property made by Gonzalo Diago, Jr., and the admission of his testimony as a witness for the defendant. It does not appear from the stenographic record that the plaintiffs took exception to the ruling of the court admitting such evidence, their objection being confined to the court's refusal to strike it from the record. *Hernández* v. *F. Carrera & Hno. et al,* 22 P.R.R. 502; *Torres* v. *P. R. Racing Corp.,* 40 P.R.R. 423. However, said evidence was not self-serving, as the appellants' contend, but is limited solely to establishing the measurements made by the witnesses. The court did not decide, as the appellants say in

their brief: "that it was a fixing of boundaries." On the contrary, what the court said in its opinion was: "it was not a fixing of boundaries with which it was attempting to bind the plaintiff."

■ The sixth, seventh, eighth, and eleventh assignments of errors, although expressing it in different forms, all charge that the court below was moved by passion, prejudice, and partiality in the weighing of the evidence. The conclusion reached by the trial judge in the instant case is concisely stated in his opinion and statement of the case, which reads thus:

"The plaintiffs, owners of an urban property, claim that the defendant holds a part of said property which measures 3 meters long and 15 meter wide.

"From the evidence it appears clearly and uncontrovertible that the 3-meter strip of land that defendant occupies is not within the land to which the plaintiffs holds title. According to plaintiffs' title, their property should run parallel to Morell Campos Street in an extension of 24.40 meters. According to the uncontroverted testimony of the witness Gonzalo Diago, the plaintiffs are in possession of a lot which runs parallel to Morell Campos Street for an extension a little longer than 24.40 meters, the strip that the defendant holds being beyond the boundaries of plaintiffs' lot.

"Aside from what is said above, the evidence clearly discloses that the defendant has title to the strip of land which he holds. The defendant in 1928 acquired the property which now belongs to the plaintiffs. Shortly thereafter, the garage to the house was rendered useless due to the fact that the level of Morell Campos Street was raised. It was then that the defendant purchased the three-meter strip of land for the purpose of making an addition to the house by building a garage. The corresponding instrument for the three-meter strip of land was not executed until 1933, at which time the defendant was still the owner of the main property. Shortly afterwards a mortgage was executed upon the main property, which mortgage did not include the strip of land purchased by the defendant. This mortgage was foreclosed by the mortgagee-creditor whereby the plaintiffs acquired the main property. Since the date of foreclosure of the mortgage, the defendant has been in possession of the strip of land which is now claimed by the plaintiffs.

"In short, the plaintiffs have not shown any title to the strip of land purchased by the defendant, but on the contrary the latter has shown a sufficient title. The evidence does not disclose any action on the part of the defendant which could have induced the plaintiffs to believe, when they bought the main property, that the strip of land in dispute was a part of the main property."

We have carefully examined the evidence for both sides and we can not see any basis for the contention that the judge was moved by · passion, prejudice, and partiality in weighing the same. The plaintiffs tried to prove that the 3-meter strip of land which the defendant holds was included in the lot that was sold to them by the mortgage creditor after he had executed the mortgage on the property then belonging to the defendant Espéndez. But the evidence of the defendant showed that said strip of land was acquired by him after the mortgage had been executed on the main property and that said strip of land could not be, and was not, the subject of the mortgage foreclosure. There was a conflict in the evidence and it is our opinion that the conflict was properly decided by the court below.

By the fifth assignment of error, the appellants contend that the court below committed error in admitting parol evidence to alter the terms of the written contract by virtue of which the defendant acquired the disputed strip of land, all this in violation of §25 of the Law of Evidence. They are wrong.

In the first place the plaintiffs did not object in the court below to the admission of said evidence and they now raise the question for the first time. It is true that there is a conflict of authority with regard to whether the rule dealing with the admission of extraneous evidence to vary the terms of a written contract is to be considered as a mere rule of evidence or one of substantive law, but apparently the weight of authority is to the effect that unless objections and exceptions are taken to the admission of such evidence the ques-

tion can not be raised for the first time on appeal. See the monograph to the case of *Higgs* v. *De Maøiroff*, (N. Y.) 189 N. E. 555, in 92 A.L.R. 810. We do not think it necessary to decide this question, because the evidence introduced and admitted by the court below did not tend to vary the terms of the defendant's purchase contract.

By instrument of September 24, 1933, Lutz ratified the sale made to defendant Espéndez of the strip of land measuring 3 meters long and 16 meters wide for the price of $100, which was paid by the defendant. This was the contract, and there being present all the elements required by §1213 of the Civil Code, namely, consent, object, and consideration, the contract was perfected. In said deed it was stated by Lutz that said strip of land had been segregated from lot number 158 and the evidence offered by the defendant at the trial and admitted by the court tended to show that said strip of land was segregated from lot number 159 and that the boundaries of the other lots were altered by 3 meters. This evidence did not tend to alter the contract embodied in the instrument, but to correct the mistake therein contained as to which lot the 3-meter strip sold to the defendant had been segregated from. This evidence was admisible within the exception contained in said §25 of the Law of Evidence, subdivision 1. The lower court did not err in admitting this evidence and in giving credit to the same.

(5) By their ninth assignment of error the appellants contend that the trial court erred "in not applying §§1357 to 1361 of the Civil Code (1930 ed.) because assuming that there existed an excess in the area of the property, this excess would go to the purchaser if the sale was made, as in this case, for a fixed price and a determined area.

The appellants' contention would be correct if the court below had found that the disputed strip of land had been segregated from lot number 158, which was originally sold ·

by Lutz to Espéndez, and which is now the property of the appellants. The lot having been bought by Espéndez for a fixed price, §1360 of the Civil Code would have then been applicable. But the court below, as already pointed out, reached a conclusion opposite to the plaintiffs' contention, when it found that the 3-meter strip had been segregated from lot number 159 which belongs to Lutz and which was adjacent to Espéndez's and that therefore it was not a part of the main property originally sold to Espéndez and this conclusion being correct, the above said section of the Civil Code is absolutely inapplicable.

Finally, the appellants contend that the court below erred in not applying §34 of the Mortgage Law, by allowing the defendant to contest the disclosure of the registry with relation to the extension of the ownership right to the appellants who had acquired from a person who appears from the registry as having the right to convey to them, as part of the property, the strip which the defendant holds.

In discussing this assignment of error, the appellants limit themselves to copying §34 of the Mortgage Law and to cite by their title the cases of this court applying said section and conclude by saying that "plaintiffs-appellants acquired a property with a determined area declared in the Registry and that they could not lose anything within that area."

By §34 of the Mortgage Law "instruments or contracts executed or entered into by a person who, according to the registry, has a right to do so shall not be invalidated with regard to third persons after they have been recorded, even though the interest of such party should subsequently be annulled or terminated by virtue of a prior deed which was not recorded or for reasons which do not clearly appear from said registry . . . Only by virtue of a recorded instrument may another later instrument, also recorded, be invalidated to the prejudice of a third person . . . "

It is our opinion that this legal provision is inapplicable to the facts of this case. It was proved that appellants' property, according to their title, should extend for 24.40 meters along Morell Campos Street, and it actually has an extension of 24.56 meters, that is, an excess of 16 centimeters, and that it is beyond those 24.56 meters of plaintiffs' property that the 3-meter strip of the defendant extends. It was not proved that the plaintiffs have lost anything of what is included in the area of their property as it appears from the registry. Appellants' title has not been invalidated in any manner. On the contrary, what has been done is to limit it to what they actually bought in accordance with the registry title, which did not include the 3 meters acquired by the defendant after the execution of the mortgage upon the main property, and which was the one Kopf sold to the appellants.

The judgment appealed from is affirmed.