JOJULE REALTY CORPORATION, Appellant, v. BONDED FROZEN FOOD CORP., Respondent.— In a summary proceeding to recover possession of certain store and basement premises from a holdover tenant, the landlord appeals, by permission of this court, from an order of the Appellate Term affirming a final order of the District Court of the County of Nassau, Third District, in favor of the tenant. Order of the Appellate Term and final order of the District Court reversed, and matter remitted to the District Court for the making and entry of a final order in favor of the landlord, with costs in all courts. The respondent caused a metal pipe to be installed vertically on the front exterior wall of the one-story building of which the demised premises are a part, as a conduit for four new electrical wires which it also caused to be installed to serve its premises. The pipe extends a distance above the roof of the building through a hole which the respondent caused to be cut for that purpose in a structural projection which runs along the front edge of the roof. It runs into the base of the building, a few inches above the sidewalk. The four new wires replaced a single wire which had previously served the building. In addition, respondent caused to be erected a vertical wooden post alongside the portion of the pipe extending above the roof, as an incident to this electrical work. The undisputed evidence is that the post is "loose". These alterations were clearly violative of the unambiguous provisions of articles 3, 6 and 12 of the lease under which the respondent is in possession. Parol evidence to the effect that officers of the appellant had told an officer of the respondent that the latter could install "three-phase lighting" should not have been admitted over objection or accepted as a variance of the terms of the written lease, despite the fact that there was no objection to the testimony elicited from an officer of the appellant, which testimony corroborated said parol evidence. The original objection to the evidence was sufficient to call the attention of the trial court to the fact that the written lease integrated the contract between the parties (see *Higgs* v. *de Maziroff*, 263 N. Y. 473). In view of respondent's failure to remedy the said breach of the stated covenants of the lease within the five-day period specified in the notice which appellant gave to respondent pursuant to article 17 of the lease, and the ensuing three-day notice of cancellation of the lease which the appellant gave, also pursuant to article 17, the term of the

lease came to an end at the end of the said three-day period. Wenzel, Acting P. J., Murphy, Ughetta and Hallinan, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: The determination of the majority is that the lease terminated before the term began because the respondent installed a riser in the front, instead of in the back, of the building, and because it erected a wooden post on the roof of the building. Article 12 of the lease gave respondent the right to have installed necessary risers to supply its electrical requirements. Appellant does not dispute the necessity for the risers, but merely the place of the installation. The lease does not give appellant the right to determine the place of such installation. There is no testimony that the wooden post on the roof is loose, nor does appellant claim on this appeal that a loose post is ground for termination of the lease. Although appellant probably could maintain a proceeding to compel the removal of the post, the erection thereof on the roof does not warrant termination of the lease.