Van Voorhis, J. (concurring).
According to the testimony in this case defendant-respondent’s speed was checked by radar, which showed that he was driving at 41 miles per hour, in excess *129 of the speed limit of 30 miles per hour. No objection was taken at the trial to the introduction into evidence of this measurement of his speed by the radar speedmeter upon the ground that its accuracy had not been proved. Radar and ordinary speedometers are commonly used to check the speed of automobiles. If appropriate objection had been made to the introduction of this evidence, the People would have been put on notice that they had to have evidence available of tests showing that this device measured speed accurately, and an adjournment might have been taken, if necessary, in order to obtain it. It seems to me to be too late for respondent now to raise the accuracy of the radar when he did not insist upon proof of its accuracy being given at the trial. The result might be different if speedometers and radar were not in such common use for this purpose. In Ford v. Snook (205 App. Div. 194, 198, affd. 240 N. Y. 624), it was said at the Appellate Division concerning hearsay testimony: ‘ ‘ Evidence, though not competent, received without objection may be relied upon to establish a fact in controversy. (Flora v. Carbean, 38 N. Y. 111; Crane v. Powell, 139 id. 379.) ”, although its weight may be open to question. It is not always clear whether an objection is based on a rule of evidence or on one of substantive law (Higgs v. de Maziroff, 263 N. Y. 473, 477-478). In People v. Eurich (278 App. Div. 717, affd. 303 N. Y. 723), a village ordinance which was received in evidence without objection, was enforced although no preliminary evidence had been given that signs had been posted showing the speed limit as required by section 54 of the Vehicle and Traffic Law. If a timely objection had been made, it would have been necessary for the People to have introduced evidence of the posting of such signs before the defendant could have been convicted, but the conviction was allowed to stand in the absence of such an objection. Neither, in my view, should this conviction be reversed in view of the absence of objection to the introduction of the radar finding on the ground that the apparatus had not been tested and found to be accurate.
The part of the majority opinion with which I disagree is that which bases the confirmation of the conviction of this man for speeding on the visual observations of the two police officers concerning the speed of his automobile. The majority opinion infers, perhaps, that the officers’ opinions would not have been *130 enough to convict respondent in the absence of the radar finding, but it states that the. radar would not have been enough without the opinions of these officers verifying its accuracy. In my view, if the officers’ opinions were not enough by themselves on which to convict, they are insufficient to establish the accuracy of the radar. I think that they were insufficient for either purpose.
If this opinion evidence was enough to prove the radar to have been accurate, there is no logical reason on account of which the officers’ estimates of the speed of the car would not have been sufficient in law on which to have based a conviction without any speedometer or radar reading.
It is important to public respect for the enforcement of the speed laws that the -speed of a motorist shall be checked by speedometer or radar before he can be convicted of speeding. That has been the almost universal custom of Police and Justices’ Courts, and it seems to me that departure from it should not be sanctioned by the Court of Appeals. We should not hold that the speed of an automobile in a prosecution of this nature can be established by the observations of eyewitnesses, no matter how expert they may be, unless the speed is checked by some mechanical or electrical device. Although there was a radar reading in this case, the reasoning of the majority opinion appears to render that unnecessary inasmuch as if mere opinions of the police officers are held to be enough to establish the accuracy of the radar apparatus, they would be sufficient by themselves to prove the speed of the automobile and sustain the conviction without radar or speedometer.
For this reason alone I dissented in People v. Heyser (2 N Y 2d 390), although being bound by that decision, I voted to affirm the conviction in People v. Magri (3 N Y 2d 562). Those decisions are not authority for affirming the conviction in the present case even on the basis of how fast the police officers thought respondent was driving, inasmuch as their testimony shows that they did not have sufficient opportunity to observe the speed of respondent’s automobile. Neither officer was following the automobile. One of the officers judged its speed merely by having seen it approaching in the rear view mirror, and the other officer viewed it head on as it approached from the opposite direction while it stopped within a distance of one tenth of a mile. Looking at an automobile in the rear view *131 mirror or head on under those circumstances supplies an insufficient foundation for opinions concerning the speed of the vehicle. The opinion of the one officer that it was going 41 miles per hour and the opinion of the other that it was going 40 miles per hour are speculative.
Cases involving untested speedometers and radar apparatus should not arise. Any objections which could be made to the introduction of evidence concerning the readings of such apparatus would be simply and easily overcome by making regular tests and keeping records of the tests in the books of the police department by which the tests were made. The offer in evidence under section 374-a of the Civil Practice Act of such records indicating the routine testing of such devices would be all that is necessary. By giving attention to such simple procedures, the law enforcement agencies would eliminate technical objections, save embarrassment for them and others, and promote better understanding of the necessary procedures as well as public confidence in the correctness of convictions for speeding.
I concur in the disposition of the appeal which is directed by the majority opinion, but for the reason stated in this concurring opinion.
Chief Judge Conway and Judges Dye, Fuld, Froessel and Burke concur with Judge Desmond ; Judge Van Voorhis concurs in a separate opinion.
Order reversed, etc.