GENERAL ELECTRIC CREDIT CORPORATION, Appellant, *v.* MARVIN BILLET, Respondent.

First Department, October 15, 1964.

*Sydney Hut* of counsel (*Stephan H. Abramowitz* with him on the brief; *Danson & Hut,* attorneys), for appellant.

*George Weisbrod* of counsel (*Weisbrod & Epstein,* attorneys), for respondent.

McNally, J. In an action on five conditional sales contracts, plaintiff appeals from an order denying its motion for summary judgment.

Defendant and another were officers and controlling stockholders of a corporation which owned a hotel in Milwaukee, Wisconsin. Extensive renovations of the hotel were required. Plaintiff furnished the credit which enabled the repair and modernization of the hotel at a cost of about $500,000. The five conditional sales contracts were executed by defendant and his associate as buyers. The hotel was unsuccessful and following defaults in payments on the contracts this action was instituted.

Defendant's first defense is grounded on a prior or contemporaneous oral agreement between plaintiff and the buyers not to hold defendant personally liable and to look to the hotel corporation and the chattels to secure payment of the amount here involved. Defendant's second defense is predicated on a similar oral agreement to limit the prices for the chattels involved to the " normal competitive market prices ". Defendant also alleges the prices charged were in excess of the competitive market prices. The third defense is the pendency of a prior action for the same relief in the State of Wisconsin. Special Term held the third defense insufficient. However, plaintiff's motion was denied on the ground that the first and second defenses present arguable questions of fact. Defendant does not appeal from the branch of the order striking the third defense.

It is undisputed that the contracts here involved were made and executed and were to be performed in the State of Wisconsin. The law of that State governs the substantive rights of the parties. Plaintiff's principal contention is that the parol evidence rule excludes evidence of the parol agreements underlying the first and second defenses. We do not decide at this time whether the parol evidence rule is one of substance governed by the law of the State of Wisconsin or one of evidence governed by the law of this State. (Cf. *Higgs* v. *de Maziroff*, 263 N. Y. 473.) It is clear that under the law of the State of Wisconsin (*Gillmann* v. *Henry*, 53 Wis. 465; *First Nat. Bank of Fairchild* v. *Hizer*, 189 Wis. 359; *Pagel Lbr. Co.* v. *Webster*, 231 Wis. 222) and the law of the State of New York (*Higgs* v. *de Maziroff, supra*; *Fogelson* v. *Rackfay Constr. Co.*, 300 N. Y. 334) evidence of the parol agreements relied on by the defendant is inadmissible.

Defendant avers: " It was further specifically agreed orally * * * that the chattels to be delivered to the hotel were to be covered by conditional bills of sale executed, in form, between

Edward S. Frisch, Inc., as vendor and myself and Shenk as vendees * * * it was agreed that despite the form of the conditional sales contracts designating me and Shenk as purchasers no liability whatsoever would attach to me * * * and that in the event of a default, plaintiff would not look to myself * * * for payment, and would look only to the chattels as security."

Defendant does not allege fraud. (Cf. *People* v. *Kennedy,* 16 A D 2d 306, 308: "The testimony of the appellant may well prove that what appears to be a written obligation is none at all because of the fraud or possible improper advantage taken by the employer.") Evidence of the said oral contract is inadmissible. (*Higgs* v. *de Maziroff, supra,* p. 476.)

Defendant, conceding the principle that a written contract merges all prior negotiations within its scope, argues he is not nevertheless precluded from establishing the contracts are invalid or never had an inception. (Cf. Richardson, Evidence [8th ed.], §§ 584, 589.) No invalidity appears. Concededly the goods and chattels described in the contracts were delivered and payments thereon were made after the delivery of the instruments underlying this action. It cannot be gainsaid that the contracts became legally effective. Hence, the rule which enables proof of an oral condition precedent to the effectiveness of the contract is not here involved. (Cf. *Hicks* v. *Bush,* 10 N Y 2d 488; see, also, *Meadow Brook Nat. Bank* v. *Bzura,* 20 A D 2d 287.)

Appellant's brief indicates that usury may be a partial defense. Hence, partial summary judgment should be granted in the sum of $184,195.10, as computed in appellant's brief. If there be any dispute as to the computation, the order may provide for a reference to compute.

The order should be modified, on the law, with costs to plaintiff-appellant, and the motion for summary judgment granted to the extent of granting partial summary judgment as indicated, and, as so modified, affirmed.

VALENTE, J. P. (dissenting). I dissent. There are triable issues which preclude the grant of summary judgment. At the least, there should be a trial on the issue of whether there was a contemporaneous agreement not to hold defendant personally liable but to look solely to the hotel corporation and the chattels for payment. The actions of the parties, subsequent to the execution of the conditional bills of sale, seem to substantiate defendant's contention.

STEVENS, EAGER and WITMER, JJ., concur with McNALLY, J.; VALENTE, J. P., dissents in opinion.

Order, entered on March 18, 1964, modified, on the law, and the motion for summary judgment granted to the extent of granting partial summary judgment as indicated in the opinion of this court filed herein, and, as so modified, affirmed, with $30 costs and disbursements to appellant. Settle order on notice.