FREDERICK J. BERENBROICK

*v.*

SOPHIE HOFSTETTER et al.

[Decided June 13th, 1922.]

1. The provision in the Chancery act (*Comp. Stat. p. 411 § 3*) that no subpœna for appearance shall issue until after bill filed is merely directory and not mandatory; and unless defendant comes in promptly and moves to set aside the process for such technical irregularity, the cause may proceed regularly, if the bill be filed before the return day named in the subpœna.

2. *Crowell* v. *Botsford, 16 N. J. Eq. 458,* followed and applied.

On final hearing on pleadings and proofs.

*Mr. Max A. Sturm,* for the complainant.

*Miss Sarah D. Smyth,* for the defendants.

WALKER, CHANCELLOR.

This is a suit for specific performance. The complainant agreed to sell and convey to the defendants lands in Hudson county, by deed of general warranty free from all encumbrances except a certain mortgage. The defendants refuse to conclude the purchase by accepting a deed from the complainant, alleging in their answer that—

"The complainant cannot convey to defendants the premises in fee-simple by full covenant and warranty deed, free and clear of all encumbrances, except a mortgage of $4,000, according to the terms of the contract, for the reason that there is an outstanding interest vested in Sylvia Reingold [formerly Schneider], which is an encumbrance or lien upon the premises in question, and the title is therefore not good and marketable."

This is defective as a pleading as it states no facts but only a conclusion of law. Chancery rule 44 requires that all pleadings must contain a plain and concise statement of the facts on which the pleader relies. This is but declaratory of the rule of pleading which has obtained from earliest times. However, the complainant does not object to this; has not moved to strike out, but, on the contrary, has filed a replication and gone to hearing. The only defect of title raised and argued on the hearing is this: The complainant, mortgagee of the same property, some time since foreclosed the mortgage and bought in the property at the sheriff's sale. It is the title thus acquired that the complainant proposes to pass to the defendants by conveyance. The defendant Reingold, whose former name was Schneider, together with her then husband, made the mortgage, which was foreclosed. Whether one or both of them had the fee is not disclosed, but Mrs. Schneider (now Reingold), if she did not have a fee, had an inchoate right of dower, which would be an outstanding interest if the foreclosure were defective and if a good and sufficient title had not passed thereby. The alleged defect is that the *subpœna ad respondendum* was issued one day before the filing of the bill. This appears to be the fact. The subpœna is tested May 14th, 1917, and on the back thereof, on the same date, is a written appointment of a special deputy to serve the writ, and this under the hand and seal of the sheriff. It is returnable May 26th, 1917. The bill was filed May 15th, 1917.

The Chancery act (*Comp. Stat. p. 411 § 3*) provides that no subpœna for appearance shall issue until after the bill shall have been filed. This provision is an old one and was in force when Chancellor Green wrote the opinion in *Crowell* v. *Botsford, 16 N. J. Eq. 458.* In that case the learned chancellor held that the issuing of a subpœna (except in cases to stay waste, then permitted) before the filing of a bill is irregular, and if promptly brought to the notice of the court, the subpœna, on motion, will be set aside as illegally issued; but that such prior issuing is a mere technical irregularity, and that application to set it aside must be promptly made; that if the defendant takes any step in the cause, or lies by and suffers his adversary to proceed in

the belief that his proceedings are regular, the court will not interfere to correct the technical irregularity. .

If the defendant in the foreclosure had come in promptly and moved to set the process aside as illegally issued, the only result would have been that complainant would have been obliged to pay costs of the motion and sue out an alias subpœna.

The commencement of a suit in chancery was originally by bill praying for the issuance of subpœna, which issued as soon as the bill was filed. Yet in early times the practice grew up to issue subpœna before the filing of the bill, to correct which parliament passed an act in the reign of Queen Ann that no subpœna should issue until after bill filed, except on bills for injunction or to stay waste or suits at law; but that statute has always been regarded as directory only and not mandatory, a departure from which amounted to a mere irregularity which subjected the party to costs. And it appears that solicitors, who through inattention, or otherwise, issue subpœnas and have them served before bill filed, take care to have the bill filed before the return day. This, of course, is quite essential, otherwise the time for answering would be curtailed below the twenty days allowed after the return day when the defendant is in court, for he cannot know what to answer until he sees the bill. Now, in the foreclosure suit here involved the disparity between the *teste* of the subpœna and the date of filing the bill probably arose through the practice formerly prevailing of solicitors mailing a bill to the clerk in chancery for filing and at the same time issuing subpœna. The clerk, in recognition of this practice, filed the bills received in the morning's mail as of the previous day, so that the filing of a bill and the *teste* of subpœna might not vary. I was obliged to decide this practice of filing bills before their actual receipt by the clerk in this office to be illegal. See *Schenck* v. *Yard, 86 Atl. Rep. 81.*

As the defendants were actually served in the foreclosure suit, and the bill was filed before the return day, the defendants had the full twenty days' time allowed after the latter date in which to appear and answer. Instead of doing so they defaulted, and the decree made on their default is perfectly legal. The defendants lay by and permitted the complainant to proceed to decree,

execution and sale without objecting, and he is presumed to have been unaware of the technical defect in the proceedings.

The defence in the suit at bar is invalid and the complainant is entitled to a decree for specific performance of the contract to convey, as his title is unaffected by the technical irregularity set up by the defendants.

Decree for complainant accordingly.