PROTECTIVE FINANCE CORPORATION (A CORPORATION OF DELAWARE), PLAINTIFF-APPELLEE, v. SAMUEL GLASS, DEFENDANT-APPELLANT.

Submitted May 26, 1924—Decided August 18, 1924.

**Corporations—Foreign—Certificate of Authority to do Business —Action Against Defendant Deferred Only Until Certificate Has Been Obtained.**

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Weinberger & Weinberger.*

For the respondent, *William R. Vanecek.*

The opinion of the court was delivered by

LLOYD, J.   This is an appeal by the defendant, Samuel Glass, from a judgment of the Passaic District Court, in favor of the plaintiff, the Protective Finance Corporation. The action in the court below was to recover upon a contract made between the plaintiff and the defendant, whereby the defendant assumed responsibility for the return of premiums on certain policies of insurance effected through the plaintiff company.

The grounds of the appeal are that at the time of the making of the contract and the liability attaching thereunder, the plaintiff company was a Delaware corporation, not having filed with the secretary of state a statement, and received from him a certificate, as required by section 97 of the Corporation act.  *Comp. Stat., p.* 1657.   The evidence taken in the case disclosed that the plaintiff company prepared a statement to be filed, and placed it in the hands of the defendant for the purpose, but that for some reason it was not actually filed nor any. certificate received thereon from the secretary of state until November 25th, 1922.   The suit was instituted in the District Court on the 10th of January, 1923.   Section 98 of the Corporation law enacts as follows:

"Until such corporation so transacting business in this state shall have obtained said certificate of the secretary of state, it shall not maintain any action in this state, upon any contract made by it in this state."

Section 100 provides for a penalty for violation of the act in transacting business without having first obtained the authority therefor of $200 to be recovered at the suit of the attorney-general.

The business conducted by the plaintiff was that of financing automobiles, mortgages and other property. There is, therefore, no doubt that what the plaintiff did was not an isolated transaction, but the general conduct of its business in this state, and that without the certificate of the secretary of state as above required. On this state of facts the defendant contended in the court below, and contends here, that the plaintiff could not maintain its action against him for the recovery of the insurance premiums, and upon them asks that the judgment against him be reversed.

Consideration of the legislation would seem to disclose a purpose on the part of the legislature to interdict the transaction of business in this state, unless upon the procuring of the necessary certificate from the secretary of state, and to impose a penalty for its violation. It is to be noted, however, that this penalty is the only penalty, and is to be recovered at the suit of the attorney-general. This is as far as the statute goes in penalizing the offender. The next apparent intention is to suspend the right of action upon such transactions until the certificate is secured. There are numerous statutes in the various states of the union of similar nature, a number of them existing before the enactment of the legislation in question. In some states the right of action is barred entirely; in others, as in this state, the right of action is suspended, and the judicial interpretation placed upon the latter class has been to withhold the right to sue only and until the necessary certificate had been obtained, holding that a different construction would open an avenue of easy escape to the dishonest debtor, and produce in many cases a harsh result especially where the default might be due to oversight

and neglect, rather than intentional wrong. The cases bearing upon the subject will be found collated in· *C. J.* 14 *A,* ·1302, 1303.

Counsel for the appellant has cited to us the cases of *Faxon Co.* v. *Lovett Co.,* 60 *N. J. L.* 128; *Delaware and Hudson Canal Co.* v. *Mahlenbrock,* 63 *Id.* 281, and *Wolf* v. *Lancaster,* 70 *Id.* 201, as sustaining his contention. Careful examination of these cases leads us to a contrary conclusion. The tendency of them all has been to limit the statute to its immediate terms and not to extend its application beyond them. In the Faxon case, suit was brought by the Faxon Company upon a contract made outside the state, and the court held that the statute did not preclude a recovery. In the D. & H. Canal *v.* Mahlenbrock case the transaction involved was a single one and not a part of a course of business in the state, and the court held not prohibited under the statute. In Wolf *v.* Lancaster the right of recovery was denied solely on the ground that a like penalty would be imposed in Pennsylvania, the home of the plaintiff corporation, and that, therefore, under section 101, the same effect must be given here. It thus appears that our courts have held the statute within its strict limits, and in the interest of common honesty and comity towards our sister states, it would seem to be a rational and just course to pursue. Thus regarding the statute, section 98 will not be extended beyond its plain terms and natural meaning. These are that until the offending corporation shall bring itself within the jurisdiction of our courts by filing the necessary statement, appointing an agent for the service of process and obtaining from the secretary of state a certificate authorizing it to do business, all right of action on its contracts shall be suspended. The use of the word "until," given in the statute, can fairly be given no other meaning. By necessary implication it would seem to follow that when the corporation has thus complied with the law, and subjected itself to the process and jurisdiction of our courts, the inhibition against its own right of action should be terminated, and that it should then stand on an equality in our courts for the enforcement of its right upon contracts

made before as well as upon those made after taking the steps required by the act.

The only other error complained of is that the defendant was acting for a disclosed principal, and that this fact was made known to the plaintiff during the course of negotiations with the defendant. The answer to this is that there is abundant evidence in the case that the defendant was acting as a principal, and so dealt with the plaintiff respecting the insurance premiums.

The judgment will be affirmed.