NUTLEY FINANCE COMPANY, PROSECUTOR, v. CATERINA DE FEDERICIS, RESPONDENT.

Submitted October term, 1929—Decided May 10, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *William DeLorenzo*.

For the respondent, *R. Louis Clarkson*.

PER CURIAM.

Under the writ issued in this case it is sought to set aside an order of the First Judicial Court of Bergen county opening a judgment regularly taken before it. The state of the case agreed upon shows that a summons was issued against the defendant on January 24th, 1929, returnable February 7th, 1929. On the return day the defendant failed to appear. An entry of "no appearance" was made by the clerk, whereupon the plaintiff's attorney filed an affidavit of proofs as provided by the District Court act and judgment was entered against the defendant for the sum of $300 and costs.

On July 9th, 1929, a rule to show cause why the judgment thus taken should not be reopened and a new trial granted was allowed by the District Court judge. On the return day of the rule an affidavit of the defendant was presented in

which she stated that she did not know at the time of service of the summons and state of demand that she was being sued on the plaintiff's note, and that, being unable to read and write English, she threw the papers away. She further stated that there was a meritorious defense to the action. The judge took the matter under advisement and on August 19th, 1929, granted the order for new trial.

The seventeenth section of the District Court act (*Comp. Stat.*, p. 1959) declares: "In every case tried in any of said courts the judge may if he sees fit order a new trial to be had upon such terms as he shall think reasonable * * * provided that such application for such new trial, except where said application is based upon newly-discovered evidence, shall be made within thirty days after judgment."

The application in the present case was not made until nearly six months after the entry of judgment. It is contended by the relator that there was no trial within the meaning of the statute, but this is contrary to the authorities. *Rosner* v. *Cohn*, 81 *N. J. L.* 343; *Levine* v. *Schwartz*, 86 *Id.* 476. In both of these cases it was held that a judgment taken in the absence of the defendant constituted a trial within the contemplation of the statute, and that on application for a new trial presented more than thirty days after the entry of judgment, a new trial could not be granted. In the present case there was neither fraud in the taking of the judgment nor newly discovered evidence. *Lutter* v. *Neubauer*, 100 *Id.* 20, and *Geithner* v. *Paechiana*, 8 *N. J. Mis. R.* 384, do not apply.

The case is almost identical in its factual aspects with that of *New Jersey Cash Register Corp.* v. *Linehan*, 6 *N. J. Mis. R.* 740. In that case a clerk in the office of the defendant's counsel neglected to attend the case; in this case it was the combined ignorance and neglect of the defendant which caused her default in responding to the summons.

The order is reversed, with costs, and the judgment originally entered reinstated.