## MARQUETTE BAILEY LUMBER CO. v. DEXTER LUMBER & FLOORING CO.

District Court, D. New Jersey.
Jan. 5, 1933.

McDermott, Enright & Carpenter and James D. Carpenter, Jr., all of Jersey City, N. J., for Chase Nat. Bank of New York.

Wall, Haight, Carey & Hartpence, and George Tennant, Jr., all of Jersey City, N. J., for receivers of Dexter Lumber & Flooring Co.

FAKE, District Judge.

On the 2d day of January, 1931, the defendant corporation was adjudged an insolvent corporation in the Western District of Pennsylvania and receivers were appointed in that jurisdiction.

On January 8, 1931, the Chase National Bank of New York, being a creditor of the defendant corporation and finding goods and chattels belonging to it in the state of New Jersey, sued out a writ of attachment in the Hudson county circuit court and caused a levy to be made upon said goods and chattels.

On the 16th day of January, 1931, an order was entered in this court adjudicating the defendant an insolvent corporation and ancillary receivers were appointed here.

The ancillary receivers assert that the levy made in the aforesaid attachment suit is null and void because section 86k of the New Jersey Corporation Act (Comp. St. Supp. N. J. 1924, § 47—86k) expressly provides, among other things, that a levy under an attachment made within four months prior to the filing of a bill for the appointment of receivers "shall be deemed null and void in case a receiver shall be appointed."

The Chase National Bank contends that its levy is a valid subsisting lien because the defendant is a foreign corporation which transacted business in this state without authority to do so and contrary to the provisions of section 97 of the New Jersey Corporation Act (2 Comp. St. N. J. 1910, p. 1657, § 97), and they further contend that section 86k does not apply to such foreign corporations as have not secured authority to transact business in this state.

Section 96 of the New Jersey Corporation Act (2 Comp. St. N. J. 1910, p. 1657, § 96) says: "Foreign corporations doing business in this state shall be subject to the provisions of this act, so far as the same can be applied to foreign corporations." It should be noted that this section makes no distinguishing difference between those foreign corporations which are authorized to do business in this state and those which do business here without such authorization. It therefore follows that the section covers both unless a reading of the whole Corporation Act (2 Comp. St. N. J. 1910, p. 1595 et seq., § 1 et seq., and Comp. St. Supp. N. J. § 47—1 et seq.) might lead to a different conclusion. Unfortunately, we have no decision in the state courts bearing directly upon this point. This court would follow such a decision if there were one.

It is admitted here that the defendant in attachment never received authority to transact business in this state, and that it is guilty of a violation of section 97 of the New Jersey Corporation Act. The punishments for such violation are fixed by sections 98 and 100 of the act (2 Comp. St. N. J. 1910, pp. 1658, 1659, §§ 98, 100). The one prohibits the offending corporation from maintaining "any action in this state, upon any contract made by it in this state," and the other subjects such corporation to a money penalty at the suit of the Attorney General. In construing the latter section, the state court has held that the penalty therein fixed is the only penalty, this being the full extent to which the statute goes in penalizing the offender. Protective Finance Corp. v. Glass, 100 N. J. Law, 85, 87, 88, 125 A. 879.

In attacking the validity of the levy, the receivers' right to appear and defend is the same as the right the corporation would have had to appear and defend prior to receivership. May a foreign corporation then, doing business in this state in violation of the Corporation Act, interpose a defense in an attachment suit? We examine the statute for an answer to this question, and the only language bearing on the subject, aside from the money penalty, is the prohibition in section 98 against "maintaining any action. * * * " It cannot be reasoned that it was the intent of the Legislature to prohibit a foreign corporation, so violating the act, from defending its property under such conditions as appear here since the language used prohibits only the maintaining of an action and remains silent as to such corporation's right to defend an action. Indeed there would be some doubt as to the validity of such a closing of the courts of the state to a corporation defendant of another state if the statute attempted it.

It appearing that the levy under consideration was made within four months prior to the filing of the bill for the appointment of receivers, and it further appearing that the defendant is a foreign corporation, the fact that it did not have authority to transact business in this state ought not to and does not prevent the operation of section 86k of the New Jersey Corporation Act (Comp. St. Supp. 1924, § 47—86k) so far as such foreign corporation defendant is concerned.

The levy made under the attachment of the Chase National Bank is null and void. An order will be entered in conformity with this conclusion.