536 BROAD STREET CORPORATION, COMPLAINANT-RE-
SPONDENT, v. VALCO MORTGAGE COMPANY, INC., AND
JOHN WARREN, DEFENDANTS-PETITIONERS-APPEL-
LANTS, AND MARIE B. WARREN, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued March 13, 1950—Decided March 29, 1950.

Before Judges JACOBS, EASTWOOD and JAYNE.

*Mr. John Warren* argued the cause for the defendants-petitioners-appellants (*Mr. Theodore D. Parsons,* of counsel).

*Mr. Raymond J. Lamb* argued the cause for the complainant-respondent (*Messrs. Markley & Broadhurst,* attorneys, *Mr. Edward A. Markley,* on the brief).

The opinion of the court was delivered by

JAYNE, J. S. C. A brief historical narrative in chronological style will be serviceable to freshen the recollection of the march of events in this imperishable litigation.

This action originated in the former Court of Chancery on March 4, 1942. Issues were ultimately joined on July 15, 1942, and the cause was referred to Vice-Chancellor Kays for hearing and determination. Several adjournments were thereafter granted. On March 8, 1943, the defendants addressed a petition to the Chancellor to strike the complaint and to vacate the order of reference. The petition was dismissed on April 28, 1943. *536 Broad St. Corp. v. Valco Mortgage Co.,* 133 *N. J. Eq.* 240 (*Ch.* 1943). The order of the Chancellor denying the prayer of the petition was reviewed on appeal by the Court of Errors and Appeals and affirmed. 134 *N. J. Eq.* 224 (*E. & A.* 1943). The hearing of the cause before the Vice-Chancellor occupied about 28 days interspersed over a period of five months. On August 15, 1944, the Vice-Chancellor rendered an opinion in favor of the complainant. 135 *N. J. Eq.* 361 (*Ch.* 1944).

On October 24, 1944, the defendant John Warren made an informal application to persuade the Vice-Chancellor to recuse himself, which the Vice-Chancellor resolved to deny. 135 *N. J. Eq.* 581 (*Ch.* 1944). The propriety of that determination was transported to the Court of Errors and Appeals for review and the order affirmed. 136 *N. J. Eq.* 513 (*E. & A.* 1945).

On December 18, 1944, the final decree was entered. It was subjected to consideration on appeal and affirmed. 138

*N. J. Eq.* 431 (*E. & A.* 1946). A petition for reargument in the Court of Errors and Appeals having been dismissed, the defendants next presented a petition to the United States Supreme Court for a writ of *certiorari,* which was disallowed. *Valco Mortgage Co. v. 536 Broad St. Corp.,* 330 *U. S.* 821, *Case* 889 (*February* 17, 1946).

The defendants failed to obey the terms of the final decree and on May 11, 1948, an order was made directing the defendant Warren to appear and make discovery of his assets before one of the special masters in Chancery. An appeal from that order was prosecuted and on July 2, 1948, a motion to dismiss the appeal was granted.

Then on July 14, 1948, the defendants Valco Mortgage Company and John Warren filed in the Court of Chancery a petition for review of the final decree of December 18, 1944, and of the order dated May 14, 1945, confirming the report of the special master which established the amount due to the complainant. The basis of the petition for review is the alleged recent discovery of certain written evidence which is claimed to be of cogent and crucial significance and which, it is said, has heretofore been cunningly concealed by the repre-sentatives of the plaintiff.

Judge Grimshaw of the Chancery Division of the present Superior Court, having considered the allegations of the petition, the supporting and counter affidavits, the testimony and exhibits, announced in an explanatory opinion his conclusion that the petition for review should be dismissed. 5 *N. J. Super.* 547 (*Ch.* 1949). It is the judgment entered on October 10, 1949, in accordance with that decision that has supplied the subject matter of the present appeal.

We are not at liberty to ignore the firmly established rules and principles by which the review of such a determination is circumscribed on appeal.

The power to grant or deny a petition for review in Chancery has always abided in the sound discretion of the Chancellor acting for himself or through his Vice-Chancellors. *New Jersey Zinc Co. v. New Jersey Franklinite Co.,* 14 *N. J. Eq.* 308 (*Ch.* 1862); *Brumagin v. Chew,* 19 *N. J.*

*Eq.* 337 (*Ch.* 1868). The exercise of the power in Chancery has been governed by the considerations applicable to a motion for a new trial after verdict at law. *Feinberg v. Feinberg,* 70 *N. J. Eq.* 420 (*Ch.* 1905); affirmed, 72 *N. J. Eq.* 445 (*E. & A.* 1907); *Kirschbaum v. Kirschbaum,* 92 *N. J. Eq.* 7 (*Ch.* 1920); *Gulvin v. Sunshine Park, Inc.,* 137 *N. J. Eq.* 249 (*E. & A.* 1945).

In recognition of the discretionary nature of the authority to grant rehearings, our Court of Errors and Appeals has habitually declined in such matters to substitute its judgment for that of Chancery unless it has been manifest that in the denial of the application there has been a shocking abuse of discretion, a conspicuous mistake committed, an imposition practiced on the court, or some special equity obviously ignored.

The history of that appellate practice and of the rare variations, mentioned, containing a retrospective illustration of the constancy of our adjudications, may be found in *Nelson v. Eastern Air Lines, Inc.,* 128 *N. J. L.* 46, 55 (*E. & A.* 1941), and in *Investment Building & Loan Ass'n. v. Athene Holding Co.,* 132 *N. J. Eq.* 309 (*E. & A.* 1942).

Although bills of review have now been superseded, the precedents heretofore relating to them are applicable to a motion contemplating the same object under *Rule* 3:60–2. In the instant appeal it is not intimated that the judge whose dismissal of the petition we are requested to inspect was in any degree incautious, impulsive, or injudicious. In our investigation of the quality of discretion he employed in the decision of the present matter, we have examined the qualities of the evidence now so belatedly desired to be introduced and the circumstances in which such evidence is claimed to be newly discovered, and we find no substantial reason to disagree with the conclusions of the Chancery Division Judge.

The judgment under review is affirmed.