536 BROAD STREET CORPORATION, COMPLAINANT-RE-
SPONDENT, v. VALCO MORTGAGE COMPANY, INC., AND
JOHN WARREN, DEFENDANTS-PETITIONERS-APPEL-
LANTS, AND MARIE B. WARREN, DEFENDANT.

Argued September 18, 1950—Decided October 16, 1950.

*Mr. Raymond J. Lamb* argued the cause for the respondent. *Mr. Edward A. Markley* on the brief (*Messrs. Markley & Broadhurst,* attorneys).

*Mr. John Warren* argued the cause for the appellants. *Mr. Theodore D. Parsons* on the brief.

PER CURIAM. This litigation was instituted by the filing of a bill in Chancery on March 4, 1942. Earlier court decisions in the cause are reported in 133 *N. J. Eq.* 240, 134 *Id.* 224, 135 *Id.* 361, 135 *Id.* 581, 136 *Id.* 513, 138 *Id.* 431 and 330 *U. S.* 821. The opinions upon which the judgments leading to this appeal were entered are cited below. The merits were decided by Chancery at 135 *N. J. Eq.* 361, affirmed by the Court of Errors and Appeals on the Chancery opinion, 138 *Id.* 431; certification was denied by the United States Supreme Court at 330 *U. S.* 821, 91 *L. Ed.* 1272.

The present branch of the litigation is on a petition for review filed in the former Court of Chancery on July 14, 1948. The petition was dismissed in the Chancery Division of the present Superior Court for the reasons stated in the opinion reported in 5 *N. J. Super.* 547. The Appellate

Division affirmed the judgment thereon, 7 *Id.* 147. Valco Mortgage Company, Inc., and John Warren appeal.

We have considered the several points submitted and find no merit therein. The opinion of Judge Jayne in the Appellate Division is correct in reasoning and in conclusion. But, beyond that, the appellants have not justified their position as such before this court. Their sole excuse for the procedure of appeal from the Appellate Division is that a question is presented involving their constitutional rights (*Rule* 1:2–1 (a)). That question, as submitted, is, in essence, an allegation that the Chancery Division erred and, in erring, harmed the appellants. On that reasoning, every litigation would involve a constitutional question. The Constitution of the United States does not provide so broad a guarantee. *Cf. Worcester County Trust Company v. Riley,* 302 *U. S.* 292, 58 *Sup. Ct.* 185, 82 *L. Ed.* 268 (*U. S.* 1937). Even if the due process clause were considered capable of being stretched to that extent it would have no application here for the reason that the judgment under review is free of error. The point lacks substance. Moreover, no constitutional question was raised below, and that which is here advanced as such a question does not go to jurisdiction of the subject matter. *American National Red Cross v. Lester,* 129 *N. J. Eq.* 28 (*E. & A.* 1940).

The appeal will be dismissed.

*For dismissal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.