DOMESTIC FUEL CO., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. AMERICAN PETROLEUM CORPORATION, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued January 22, 1951—Decided March 19, 1951.

· *Mr. John E. Toolan* argued the cause for the appellant (*Mr.. Isidor M. Dubrow,* attorney).

*Mr. Francis M. Seaman* argued the cause for the respondent. (*Mr. Albert W. Seaman,* attorney).

The opinion of the court was delivered by

ACKERSON, J. The defendant, American Petroleum Corporation, appeals from an adverse judgment entered in the Middlesex County Court, Law Division, on a jury verdict in favor of the plaintiff, Domestic Fuel Co.

The parties are dealers in fuel oil and this litigation arose out of a contract between them for a supply of that commodity by the defendant, a wholesaler, to the plaintiff, a retailer, for resale to the latter's customers. The complaint, as amended, is in two counts. The first alleges that by a written contract dated June 1, 1947, defendant agreed to sell and plaintiff to buy at a specified price 2,000,000 gallons of Calso No. 2 heating oil and 1,000,000 gallons of Calso No. 5 heating oil in monthly quantities apportioned among the months from June,. 1947, through May, 1948. It is further alleged that the defendant delivered to the plaintiff during the contract period only 968,160 gallons of No. 2 oil and only 229,149 gallons of No. 5 oil and by reason of defendant's failure to deliver the quantities specified in the contract the plaintiff was damaged (as the demand was moulded by the pretrial order) by being deprived of the profit to which it would have been entitled from the resale of the oil at the prevailing retail price. The· second count of the complaint alleged that defendant had over-

charged for the oil actually delivered to the plaintiff and claim was made for such overcharges in the amount of $4,267.18. The defendant's amended answer consisted of a general denial and five separate defenses with which we are not presently concerned.

The evidence adduced at the trial shows that the plaintiff first experienced difficulty in obtaining its monthly quotas of oil in September, 1947—several months after the contract had been executed. The market supply of oil became critical. That condition continued throughout the remaining term of the contract and from December, 1947, through February, 1948, the shortage of heating oil was particularly acute. Plaintiff's evidence tended to show that there was no supply of oil available to it during this period, except to a certain extent on the "spot" or "gray" market (not considered as an open, normal or regular market) at premium prices above that at which the plaintiff could sell it to its customers and make a profit.

At the close of all the evidence, the defendant seller, pursuant to *Rule* 3:50, moved for judgment in its favor and the motion was denied. At the same time the trial judge, on plaintiff's motion, directed judgment in its favor on the second count of the complaint in the amount of $625.55, plus interest, representing overcharges (less credits) for the months of September through December, 1947, concerning which there appears to have been no dispute and from which judgment there has been no appeal. The case was then submitted to the jury on the first count resulting in a verdict for the plaintiff of $38,185.90. From the judgment entered thereon the defendant appealed to the Appellate Division and, while pending there, the cause was certified here on our own motion.

The appeal is rested solely upon the assertion that the trial court erred in denying defendant's motion for judgment and the only reason now advanced in support of this contention relates to an alleged deficiency in the plaintiff's proof of damages. The plaintiff sought to recover as lost profit, and the court so instructed the jury, the difference between the contract price for the oil and the general market resale consumer's

price in the commodity less the plaintiff's cost of delivery. The defendant insists, however, that this claim for lost profits is a demand for *special* damages not within the contemplation of the parties at the time the contract for the sale of the oil was made as a natural and probable consequence of its breach, and therefore not recoverable, unless the seller knew at the time the agreement was made that there would be no available open market in which the buyer could procure that commodity for resale to its customers in the event of the seller's default, and that there is no proof in the case that the defendant seller had such knowledge. The defendant's position is tersely stated in its brief as follows: "A *sine qua non* of the seller's liability for loss of profits was knowledge on its part, at the time of the making of the contract, that the buyer could not procure No. 2 and No. 5 oil elsewhere. This was not proven."

However, it is unnecessary for us to consider the merits of this contention concerning the alleged missing factor in the proof of damages for the reason that the only point now relied upon for the reversal of the judgment below was not specified in defendant's motion for judgment as a ground for its allowance. The defendant bases its present contention entirely on the fourth ground stated in its motion for judgment as follows:

"On the further ground, if your Honor please, that the plaintiff has failed to prove its case insofar as damages is concerned in accordance with the established rules of this Court in a case of this type."

In making this general statement without specifying the particular point of law now relied upon to support it, the defendant failed to comply with the requirement of *Rule* 3:50, as amended November 10, 1949, that "a motion for judgment shall state specifically the grounds therefor." This directive was embodied in our new rules in recognition of a fundamental principle of long standing in our system of procedure that a party shall not be heard in an appellate court upon a point not raised and considered in the court below, unless the question involves jurisdiction or public policy. *Jacob Ruppert v. Jern-*

*stedt & Co.,* 116 *N. J. L.* 214, 216 (*E. & A.* 1935) ; *Dickinson v. Plainfield,* 116 *N. J. L.* 336 (*E. & A.* 1935) ; *Woodward v. Harden,* 102 *N. J. L.* 31, 34 (*Sup. Ct.* 1925). Recently we have had occasion to say that "Our appellate courts are not bound to consider questions not raised below, even though they be constitutional questions," *Roberts Elec., Inc., v. Foundations & Excavations, Inc.,* 5 *N. J.* 426, 429 (1950). In the case of *Jacob Ruppert v. Jernstedt & Co., supra,* it was stated as a general rule that "Only the grounds specifically presented to the trial judge in support of a motion to nonsuit or direct a verdict [now a motion for judgment] will be considered on appeal." The point relied upon must be embraced in the ground advanced for the allowance of the motion with suffi- cient particularity to fairly apprise the trial judge of the legal proposition upon which the motion rests, so that he may be afforded an opportunity to correct the mistake if there be any. The point or matter of law "must have been taken, considered and decided by the court below" and cannot ordinarily be urged for the first time on appeal. *Jacob Ruppert v. Jernstedt & Co., supra; Ottowa Tribe No. 15 v. Munter,* 60 *N. J. L.* 459 (*E. & A.* 1897) ; *Garretson v. Appleton,* 58 *N. J. L.* 386, 392 (*E. & A.* 1895) ; *Thibodeau v. Hamley,* 95 *N. J. L.* 180, 183 (*E. & A.* 1920). *Cf. Fed. Rules of Civil Procedure,* 50(a) ; *Virginia-Carolina Tie & Wood Co. v. Dunbar,* 106 *Fed.* 2d 383 (*C. C. A., 4th Cir.,* 1939).

 The rule above stated is not technical, but on the con- trary it is essential to an orderly trial. It is designed pri- marily to afford the trial judge an opportunity to rule intelli- gently upon a specified matter or correct an alleged error and to enable the adverse party to meet and make answer thereto at the only time it can be satisfactorily done, *i. e.,* at the moment when the ruling is made or the error is committed. As was aptly said in the course of the opinion in *Roberts Elec., Inc., v. Foundations & Excavations, Inc., supra,* p. 432 : "It would be intolerable to permit either party to speculate on the outcome of the submission of the case to the jury and then in the event of an adverse verdict to. allege an error that had not been called to the attention of the trial court or of the

opposing counsel promptly. The object of an appeal is not to retry a case but to correct errors properly noted below."

Returning now to the statement of the defendant's request to charge, i. e., "* * * that the plaintiff has failed to prove its case insofar as damages is concerned in accordance with the established rules of this Court in case of this type," we think it is apparent that if the defendant intended thereby to indicate to the court and opposing counsel the specific point upon which it now relies, viz.: that it was necessary for the plaintiff to show that at the time the contract of sale was made the defendant had knowledge that there would be no open market in which the plaintiff could procure oil in the event of a default, such intention was completely and effectively concealed in the impenetrable generality of the language employed and was not conveyed to the minds of the court or opposing counsel. This is apparent from the court's response to this particular ground of the defendant's motion, when the court said:

"As to ground 4 on proof of damages, I consider the evidence shows an absence of availability market, and a comparison between the contract price and the sales and market consumer's resale price to my mind would enable the jury to fix the amount of damages without speculation."

Obviously the court did not understand the defendant's motion to be directed to the point which is now made the sole basis of this appeal, as otherwise the court would have made some mention of it. If the court appeared to be under a misapprehension as to the scope or intent of the motion, it was the defendant's duty to so indicate to the court and clarify its opposition. Parties are at liberty at any time to bring a substantial objection to the attention of the court, but if they conceal their aims, they must suffer the perils of the concealment. *Garretson v. Appleton, supra, p.* 391.

Furthermore, the court in its instructions to the jury observed that "* * * under the undisputed evidence in this case, there was no available source of supply," and further charged as follows:

"The rule which should be applied is in the event that this was a breach and a failure to deliver this oil, the plaintiff is entitled to recover damages consisting of the difference between the contract price and the general average market resale consumer's price in this community or in this vicinity less his delivery cost. That in effect is his profit."

No objection was taken by either party to such instruction, nor did the defendant request the court to charge the particular element of damages now being argued as essential for the recovery of lost profits. *Rule* 3:51.

██ Clearly, if any specific factor necessary to sustain the plaintiff's claim to loss of profits had not been proven, it was the duty of the defendant to direct the court's attention to that particular point so that a ruling could be obtained thereon. As already observed the ground of the defendant's motion hereinabove quoted did not point out the specific infirmity now relied upon for a reversal, nor was the point raised by any request to charge or by any objection to the charge as delivered, but is presented here for the first time on this appeal. This is contrary to our well established principles of procedure. The parties are bound by the record and by the reasons and grounds upon which they relied and advanced to the court below. The appellant's present contention as to its version of the correct measure of damages is therefore not properly before us on this appeal. *Schwartz v. Rothman,* 1 *N. J.* 206, 210 (1948).

The judgment below is accordingly affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.