21 N.J. Super. 438 (1952)
91 A.2d 357
JOHN J. PIZZI, JR., PLAINTIFF-APPELLANT,
v.
THOMAS L. BAKER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1952.
Decided September 23, 1952.
*439 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. T. Millet Hand argued the cause for the appellant (Mr. Nathan C. Staller, of counsel).
No one appeared for the respondent.
The opinion of the court was delivered by GOLDMANN, J.A.D.
Appellant sued in the Cape May County District Court for damages to his automobile caused by respondent driving his truck into the rear end of appellant's car. Service was effected upon respondent's wife at the marital residence on July 6, 1951. Respondent did not answer, nor did he appear at the trial scheduled for August 2, 1951. Appellant was sworn and testified, and judgment was entered in his favor in the sum of $557.63 and costs.
An order for discovery was obtained and service made upon the wife. Respondent not having appeared on the return day, a second discovery order issued and was served on respondent personally on November 1, 1951. Respondent again failed to appear on the return day.
On December 8, 1951 appellant obtained a wage execution order after respondent had appeared and testified in court as to his employment. Thereupon respondent, on December 18, 1951, served appellant with notice that he would apply on January 3, 1952 for an order opening the judgment on the ground that respondent had no notice of the action nor of the judgment entered against him until on or about November 1, and on the further ground that he had a meritorious defense to the action because the accident complained of was caused solely by appellant's negligence, *440 appellant was contributorily negligent, and the damages awarded were grossly excessive.
Both parties appeared on January 3, 1952. After taking the testimony of the district court clerk and the sergeant-at-arms who served the summons, and hearing the argument of counsel, the district court judge signed an order opening the judgment. Appellant then applied to vacate or amend this order on the ground that no good cause was shown for opening the judgment and because respondent had failed to show excusable neglect or any other reason justifying relief under Rules 7:10-2 and 3:60-2. The court then entered the order which is the subject of this appeal, directing that the default judgment be opened and respondent permitted to file an answer, provided he paid appellant his costs and $15 counsel fee within ten days. Leave to appeal from this order was granted by the Appellate Division on February 29, 1952. Respondent has not filed a brief or argued the case.
The order opening the judgment and permitting respondent to answer cannot stand. Rule 7:10-2 permits a district court judgment to be set aside for good cause shown, upon application and notice to the adverse party. The rule provides that Rules 3:59 to 3:62, inclusive, shall govern such application.
The basis of the application to open the judgment was that respondent's wife, upon whom service was made, was illiterate and could neither read nor write. The sergeant-at-arms testified that when he served her she stated that her husband was not at home and inquired about the nature of the suit. He told her that it involved an automobile accident and informed her of the amount demanded as damages ($1,000). Her comment was, "Why so much money?"
The wife does not deny this testimony. By her affidavit she admits that she was served with papers, but claims she was unable to read them and had no idea as to what they contained. She did not give them to her husband.
*441 The service was a valid service. To accept the excuse that respondent's wife was illiterate would be to require that plaintiffs proceed at their peril to take default judgments unless assured that the member of the household upon whom service was made was literate.
No good cause was shown to open the judgment. The respondent, through counsel, conceded that the service was good, but pleaded "peculiar circumstances." None of the reasons set out in Rule 3:60-2 for relieving a party from a final judgment is present in this case, unless respondent's application to open the judgment comes within the sixth category of that rule: "any other reason justifying relief from the operation of the judgment or order." No such "other reason" is discernible.
An application to be relieved from final judgment "is necessarily addressed to the court's discretion, which discretion is not an arbitrary but a legal discretion, to discern and follow the course presented by the law." Balip Automotive Repairs, Inc. v. Schroeder, 6 N.J. Super. 511, 520-521 (Law Div. 1949), affirmed sub nom. Balip Automotive Repairs v. Atlantic Casualty Ins. Co., 7 N.J. 152 (1951); Shammas v. Shammas, 9 N.J. 321, 328 (1952). There is abuse of discretion when the authority is exercised capriciously, in violation of settled principles of equity or of law. LaBell v. Quasdorf, 116 N.J.L. 368, 372-373 (Sup. Ct. 1936).
The present case is similar to Nutley Finance Co. v. De Federicis, 8 N.J. Misc. 382, 150 A. 241 (Sup. Ct. 1930) where the Supreme Court reversed a district court order opening a judgment regularly taken and reinstated the original judgment. The court observed that "it was the combined ignorance and neglect of the defendant which caused her default in responding to the summons."
It is to be observed that not only was the wife served with the summons as well as the first discovery order, but the respondent himself was served with the second discovery order on November 1, 1951. Nonetheless, he took no action to open the judgment until December 18, after he had *442 appeared in court and a wage execution order had issued against him. He makes no explanation for his failure to do so.
The conduct of the appellant throughout was entirely fair and the proceedings leading to the judgment below regular. Respondent has failed to show inequity, surprise or merit that would move the trial court to set aside the judgment. The order of February 6, 1952 is reversed and the judgment originally entered reinstated, with costs.