28 N.J. Super. 159 (1953)
100 A.2d 322
EX-CELL-O CORPORATION, PLAINTIFF-RESPONDENT,
v.
FARMERS COOPERATIVE DAIRIES ASSOCIATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1953.
Decided November 2, 1953.
*160 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Franklin W. Kielb argued the cause for defendant-appellant.
Mr. W. Reading Gebhardt argued the cause for plaintiff-respondent (Mr. Herbert T. Heisel, Jr., attorney).
The opinion of the court was delivered by CLAPP, S.J.A.D.
A default judgment was entered below in an action for moneys due in connection with leases of certain machines. Defendant appeals from an order denying its motion to set aside the judgment. In the main, two things are contended for here by the defendant, first, that the leases sued upon were void, and, second, that the summons was fatally defective, leaving the court without jurisdiction of the matter.
*161 The theory of the first point is this: plaintiff is a Michigan corporation doing business in this State without (until very recently) proper authority so to do; upon the plaintiff there is laid by retaliatory legislation of this State, R.S. 14:15-5, the same disabilities which the law of Michigan lays upon New Jersey corporations doing business in Michigan without due authority; and by the Michigan law, contracts made by foreign corporations engaged in business in Michigan without authority are utterly without effect and gain no vitality when the corporation, as it did here, thereafter qualifies itself to do business.
Neither this theory, nor R.S. 14:15-5 upon which the weight of the argument rests, were mentioned below. It has been said repeatedly that except as to matters of jurisdiction or public concern, appellate courts will ordinarily not consider questions not presented below. Roberts Elec. Inc. v. Foundations & Excavations, Inc., 5 N.J. 426 (1950); Domestic Fuel Co. v. American Petroleum Corp., 6 N.J. 538 (1951); Anderson v. Modica, 4 N.J. 383 (1950); State v. Taylor, 5 N.J. 474 (1950); Evtush v. Hudson Bus Transportation Co., 7 N.J. 167 (1951); Slovak Catholic Sokol v. Foti, 13 N.J. Super. 458 (App. Div. 1951). The rule is by no means limited to questions which might have been obviated at the trial, had objection been made there and an opportunity afforded then to correct the mistake if any there were. Cf. State ex rel. Wm. Eckelmann, Inc. v. Jones, 4 N.J. 374 (1950); Morin v. Becker, 6 N.J. 457 (1951); Hill v. Borough of Collingswood, 9 N.J. 369 (1952); Peff v. Peff, 2 N.J. 513 (1949); Waldor v. Untermann, 10 N.J. Super. 188 (App. Div. 1950).
This rule does not rest merely on notions of orderliness in the judicial process; indulgences, there should be, within reasonable limits, for breaches of those notions. Here there is a more important matter at stake. There is a public concern in preventing an appeal, a not inexpensive matter, from becoming a vehicle, not for a review of action taken below, but in reality for the continuance of the trial function. Justice is concerned with the merits of a cause, but *162 only for a certain time. Ordinarily, within some period of time, an action must come to an end, and subject to an appeal, the judgment must become final and beyond the reach of afterthoughts. Quite appropriately, in the ordinary situation, an appeal should not be made use of to provide an extension of that period.
Defendant endeavors to escape the rule, by saying that public policy calls upon us to enforce this retaliatory statute "for the protection of the people," citing Wensley v. Godby, 101 N.J.L. 325 (Sup. Ct. 1925). To us it seems hardly the policy of the law to invite the application of a statute such as this. We need not decide whether the statute may perhaps open up an escape for debtors, honest and dishonest, and hence work a forfeiture upon creditors that may be quite innocent of serious wrongdoing. Cf. Protective Finance Corp. v. Glass, 100 N.J.L. 85 (Sup. Ct. 1924). Nor need we go into the question whether or not under our present practice an application of this sort is addressed to the extreme favor of the court, Cameron v. Penn Mutual Life Ins. Co., 116 N.J. Eq. 311 (Ch. 1934); or whether a defense founded on such a retaliatory statute is of a disfavored sort and therefore must be pleaded timely, cf. Schwartz v. Battifarano, 2 N.J. 478 (1949). It is enough here to say that the court is not persuaded that this is a matter of public concern constituting an exception to the rule discussed above.
It is said above, that the rule applies "ordinarily." If there is any discretion in an appellate court as to this matter, this is not a case inducing us to reach out and exercise it. The default judgment was entered May 27, 1952 and execution levied June 3, 1952. Defendant's officers in conversations during the next nine months repeatedly besought plaintiff to withhold execution sale, promising several times to make payment without doing so, but never once disputing the justness of plaintiff's claim. This motion was then made below to set aside the default judgment, on theories here largely abandoned. Now, a few months later, the matter comes before us, defendant's counsel having meanwhile hit *163 upon (in reality) some new defenses. The situation does not move us to exercise any discretion we might have.
Defendant argues that because of the invalidity of the leases under the retaliatory statute, the judgment below is a mere nullity, impeachable collaterally and therefore not within the rule that questions not raised below cannot be raised here. More than that, defendant lays hold of this argument, it would seem, in an endeavor to get clear of the requirements that on an application for relief from a judgment, one must establish surprise, Loranger v. Alban, 22 N.J. Super. 336 (App. Div. 1952) and move within a reasonable time, R.R. 4:62-2, and, in addition, on an appeal from an order as to the matter, show manifest error, abuse of discretion or some special equity, 536 Broad St. Corp. v. Valco Mtg. Co. Inc., 7 N.J. Super. 147 (App. Div. 1950), approved 5 N.J. 393 (1950); Pizzi v. Baker, 21 N.J. Super. 438, at 441 (App. Div. 1952); Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27 (App. Div. 1951). The short answer to all this is that the judgment is not impeachable collaterally merely because it rests upon a void lease. The alleged illegality of the lease goes to the merits of the matter, not to the validity of the judgment. In re Wood's Estate, 140 N.J. Eq. 542 (Prerog. 1947); Restatement of Judgments, sec. 4.
Nor can it be said here under R.R. 1:5-3 (c) that there is plain error not brought to the trial court's attention. We pass the question whether an error as to foreign law constitutes "plain" error, for we find no substantial injustice here. R.R. 1:5-3 (c) may not be invoked. In re Stern, 11 N.J. 584 (1953); State v. Picciotti, 12 N.J. 205 (1953).
The second matter contended for is that the summons was issued one day before the complaint was filed and therefore, no lawful summons having issued, the court is without jurisdiction over the defendant. It is urged that the question is one not only of jurisdiction but of public policy, which can be raised at any time under the rule above discussed. There is utterly nothing to this argument. According to the terms of the old Chancery Act, R.S. *164 2:29-21, no subpoena ad respondendum could issue until after the bill was filed. However that statute was held to be directory only, and a departure from it a mere technical irregularity. Besides, if application was made to set aside the subpoena, it had to be made promptly. Berenbroick v. Hofstetter, 93 N.J. Eq. 542 (Ch. 1922); Metropolitan Life Ins. Co. v. Lodzinski, 122 N.J. Eq. 404 (E. & A. 1937).
Under the federal practice from which R.R. 4:3-1 and 4:4-1 are taken, it has been said that the issuance of a summons prior to the filing of a complaint is of no effect. Moore's Federal Practice (2nd ed.), sec. 4.04; cf. C.F. Simonin's Sons, Inc. v. American Can Co., 26 F. Supp. 420 (D. Ct. 1939). The Supreme Court drafted the New Jersey rules with the federal rules before them and deliberately changed Rule 4 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for several reasons  among others, so as to avoid not only the problem which might arise under the federal practice as stated in Moore's Federal Practice, supra, but even the bare technicality existing under the old Chancery practice. The comment to the Tentative Draft (1948) of the rule, now R.R. 4:4-1, explaining why Federal Rule 4 (a) was not adopted, states: "It would seem that the requirement that the summons issue after the complaint is filed * * * would only afford opportunities for raising technical objections." Waltzinger, 1 N.J. Practice 292. Objections seriously prejudicial can be disposed of by the dismissal of the action under R.R. 4:42-2, as indicated by the comment cited, or by other appropriate relief. No one is injured by the issuance of a summons one day before the complaint is filed.
Affirmed.